201 F.3d 178 (2nd Cir. 2000)
 GAIL BOOS, Plaintiff-Appellant,
v.
MARVIN T. RUNYON, Jr., Postmaster General U.S. Postal Service; U.S. POSTAL SERVICE, Washington, D.C.; CARL F. BOTHE, General Manager; H. PACKER, Dr.,
Medical Officer, Defendants-Appellees.
 Docket No. 97-6110
August Term, 1999
 UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
 Argued: Oct. 8, 1999
Decided: Jan. 6, 2000
 
 The plaintiff, a former employee of the United States Postal Service, appeals from a decision of the United States District Court for the Eastern District of New York (Joanna Seybert, Judge) granting defendants' motion to dismiss plaintiff's complaint and, in the alternative, granting summary judgment to the defendant. We affirm the grant of summary judgment.
 ROBERT R. BRIGLIO, Islandia, N.Y., for Plaintiff-Appellant.
 DAVID L. GOLDBERG, Assistant United States Attorney, Eastern District of New York (Zachary W. Carter, United States Attorney, Eastern District of New York; Deborah B. Zwany, Assistant United States Attorney, Eastern District of New York, on the brief), for Defendants-Appellees.
 Before: JACOBS, CALABRESI, and SOTOMAYOR, Circuit JudgesCALABRESI, Circuit Judge:
 
 
 1
 Plaintiff-appellant Gail Boos, a former employee of the United States Postal Service ("USPS"), appeals from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, Judge) dismissing her complaint of disability discrimination because Boos had failed to exhaust her administrative remedies prior to filing suit in federal court. In the alternative, the district court treated defendants-appellees' motion to dismiss as a motion for summary judgment and granted that motion on the ground that Boos had failed to seek Equal Employment Opportunity ("EEO") counseling in a timely manner as required by 29 C.F.R. 1614.105(a)(1) (1999). The district court held that Boos failed to raise a genuine issue of material fact as to whether, because of her mental illness, she was entitled to equitable tolling of the deadline for seeking EEO counseling. We agree with the district court on the issue of equitable tolling, and we therefore affirm its grant of summary judgment.
 
 I. BACKGROUND
 
 2
 Gail Boos was employed by the USPS for almost ten years, from July 1984 through May 1994, as a mail handler at the USPS Western Nassau Processing and Distribution Center in Garden City, New York. She claims that the dust and the heavy physical labor of her job in the distribution center aggravated an asthmatic condition from which she suffered and that, as a result, she sought reassignment and transfer to a position as a Computer Operator/Mark-Up Clerk at the Computer Forwarding Systems unit at the USPS facility in Melville, New York. In September 1993, Boos scored 93.6% on the written exam for a position as a Mark-Up Clerk. By letter dated January 21, 1994, Boos was notified, however, that her application had not been accepted. In March 1994, Boos took the typing portion of the open competitive application process and scored 100%. On April 1, 1994, Boos requested an explanation for her failure to obtain the transfer and, according to Boos, "did not receive a satisfactory response." Boos Affidavit at 10. Soon thereafter, she resigned from her position as a mail handler.
 
 
 3
 On August 10, 1994, three months after leaving the USPS, Boos requested EEO counseling, alleging that she had been discriminated against in January 1994 on the basis of her asthma. About a month later, she filed a formal EEO complaint with the USPS. Her complaint was rejected, however, because she had not initiated EEO counseling within forty-five days of the allegedly discriminatory incident, as required by 29 C.F.R. 1614.105(a)(1), and because she did not show cause why the time limit should be extended, as is permitted in certain circumstances under 29 C.F.R. 1614.105(a)(2).[1]
 
 
 4
 Boos appealed the EEO decision to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the denial of Boos's claim in April 1995. On May 11, 1995, Boos sought reconsideration of the EEOC ruling. And on June 13, 1995, well before the EEOC issued its final decision on her appeal, she brought this suit in the federal district court under the Rehabilitation Act, 29 U.S.C. 701 et seq. (1994 & Supp. 1999), alleging discrimination on the basis of her asthma. Later, on June 10, 1996 (after the issuance of the EEOC final ruling), she amended her complaint to add discrimination on the basis of mental illness.
 
 
 5
 Defendants moved to dismiss Boos's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Finding that Boos had not exhausted her administrative remedies prior to filing her suit and that this failure deprived the district court of subject matter jurisdiction, the district court granted defendants' motion and dismissed Boos's claim with prejudice. Alternatively, the district court treated the defendants' motion to dismiss as a motion for summary judgment and held that Boos had failed to demonstrate the existence of any genuine issue of material fact that could mitigate her failure to seek EEO counseling within forty-five days of the allegedly discriminatory incident, as required by 29 C.F.R. 1614.105(a)(1). The court rejected Boos's argument that the forty-five day limit should be equitably tolled because of her mental illness. Boos appealed.[2]
 
 II. DISCUSSION
 A. Exhaustion of Remedies
 
 6
 EEOC regulations require an employee suing the federal government under the Rehabilitation Act to exhaust certain administrative remedies before initiating a suit in the district court. Thus, an aggrieved agency employee must first seek EEO counseling within forty-five days of the allegedly discriminatory act. See 29 C.F.R. 1614.105(a)(1). The employee must then file an EEO complaint with "the agency that allegedly discriminated against the complainant." Id. 1614.106. Within ninety days of that agency's final decision, or after the passage of 180 days from the filing of the complaint with the agency if no final decision has yet been rendered, the complainant may file suit in federal court. See id. 1614.408. In the case of a plaintiff, like Boos, who has appealed an EEO decision to the EEOC, the regulations state that "[a] complainant . . . is authorized under . . . the Rehabilitation Act to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the Commission's final decision on an appeal; or . . . [a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." Id.
 
 
 7
 The district court in this case did not decide whether the requirement that a federal employee seek EEO counseling within a specified time is jurisdictional in nature or whether it is instead more akin to a statute of limitation (and therefore subject to equitable tolling), even though this Court had previously indicated that this timeliness requirement is nonjurisdictional. See Briones v. Runyon, 101 F.3d 287, 290 (2d Cir. 1996) (noting that the requirement that an agency employee seek EEO counseling within a certain time after the allegedly discriminatory event "is analogous to a statute of limitations and is, therefore, considered subject to waiver, estoppel, and equitable tolling"); Downey v. Runyon, 160 F.3d 139, 145-46 (2d Cir. 1998) (same) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)), reh'g denied, 160 F.3d 146 (1999). The district court did hold, however, that, whatever the effect of these statutory time limits might be, a plaintiff's failure to exhaust her administrative remedies (i.e., by waiting either (a) 180 days from the time the EEOC was invoked or (b) for the EEOC to render a final judgment) before filing suit created an absolute jurisdictional bar. The appellees in their brief made this same assumption.
 
 
 8
 Were we to find that the requirement of exhaustion of administrative remedies was jurisdictional, we might well have to decide whether Boos had exhausted her remedies before we could move on to consider the alternative basis for the district court's judgment (i.e., the alleged lack of timeliness of Boos's request for EEO counseling). See Steel Co. v. Citizens for a Better Env't, 118 S. Ct. 1003, 1016 (1998) (mandating that constitutional jurisdictional issues be resolved before nonjurisdictional defenses can be addressed).[3] But in fact it is anything but clear that failure to wait creates a jurisdictional bar. And we conclude, instead, that the exhaustion requirement, while weighty, is not jurisdictional.
 
 
 9
 There has in the past been some confusion about whether the failure of a plaintiff to allow an administrative action to run its course before filing a complaint in federal court affects the federal court's jurisdiction. Thus, in our opinion denying the petition for rehearing in Downey, we expressly stated that "[n]either exhaustion nor its timeliness is a matter of jurisdiction." Downey, 160 F.3d at 146. But there is also language in some of our cases suggesting that the failure to exhaust EEOC administrative requirements before filing suit does act as a jurisdictional bar. See, e.g., Shah v. New York State Dep't of Civil Serv., 168 F.3d 610, 613 (2d Cir. 1999) ("The federal courts generally have no jurisdiction to hear claims not alleged in an employee's EEOC charge.").[4] And one circuit has so held. See Knopp v. Magaw, 9 F.3d 1478, 1479-80 (10th Cir. 1993) (finding that the district court lacked jurisdiction over a plaintiff's request for a preliminary injunction because the plaintiff had initiated an EEOC action but then sought the preliminary injunction in federal court prior to either the issuance of a final EEOC decision or the passage of 180 days from the date of his EEOC complaint).
 
 
 10
 Moreover, even though we have noted that the failure to comply with the timeliness requirement (i.e., filing late) is nonjurisdictional, see, e.g., Downey, 160 F.3d at 145 (finding that untimely filing of an administrative complaint did not affect the jurisdiction of the court); Briones, 101 F.3d at 290 (noting that the statutory requirement for filing is analogous to a statute of limitations, as opposed to a jurisdictional prerequisite), it does not automatically follow that the failure to comply with the exhaustion requirement (i.e., filing early) is likewise nonjurisdictional. It all depends on the statute being applied and its intent on the matter. Thus, in Carlyle Towers Condominium Ass'n, Inc. v. FDIC, 170 F.3d 301 (2d Cir. 1999), we held that, under the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. 1821 (1994), the complete failure to take the appropriate administrative action constituted a jurisdictional bar to suit in federal court, but merely filing such an action late, after the agency's limitation period had expired, did not deprive the district court of jurisdiction. See id. at 307-08 ("Although the FIRREA makes exhaustion a jurisdictional requirement, it does not necessarily follow that compliance with time limits imposed by the FDIC [has] the same force.").
 
 
 11
 It would clearly be possible for Congress, in the employment discrimination context, to mandate that failure to comply with some of the administrative prerequisites, such as time limits, would not deprive district courts of jurisdiction, while at the same time specifying that failure to comply with others, such as the requirement that the administrative process, once begun, be completed, would prevent courts from taking jurisdiction. The question is whether Congress has done so in this statute. We believe that it has not.
 
 
 12
 The statutory provision allowing employees of federal agencies to sue in district court sets forth certain prerequisites to suit. In doing so it does not speak in expressly jurisdictional terms. Thus, 2000e-16(c) reads as follows:
 
 
 13
 Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section . . . or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.[5]
 
 
 14
 42 U.S.C. 2000e-16(c) (1994). Similarly, regulations enacted pursuant to 2000e-16 require that a plaintiff file suit only after either (a) the receipt of a final agency decision on her administrative complaint or appeal or (b) the passage of 180 days from the time of the filing of the administrative complaint or appeal. See 29 C.F.R. 1614.408; see also 64 Fed. Reg. 37,644, 37,655 (1999) (to be codified at 29 C.F.R. pt. 1614) (indicating that the authority for the regulations contained in 29 C.F.R. 1614 comes from, inter alia, 42 U.S.C. 2000e-16).
 
 
 15
 As the Supreme Court noted in Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), 2000e-16(c) "is a condition to the waiver of sovereign immunity and thus must be strictly construed." Id. at 94. But Irwin also warned against reading the waiver of sovereign immunity too restrictively and held that the temporal prerequisites to suit set forth in 2000e-16(c) were subject to equitable tolling (i.e., were nonjurisdictional). See id. at 95-96. And there is no indication in 2000e-16(c), or in the regulations issued pursuant to it, that Congress intended to treat the exhaustion requirement any differently than it treated the timeliness requirement before the Court in Irwin. We therefore find no basis for concluding that Boos's alleged failure to wait for a final ruling from the EEOC before bringing suit deprived the district court of jurisdiction to hear this case.
 
 
 16
 But the fact that Boos's seeming failure to wait is not a jurisdictional flaw does not mean that we should waive the requirement. It simply means that we may waive it, in appropriate circumstances. And in the case before us, we conclude that we should do so, nostra sponte, in the interest of judicial economy.
 
 
 17
 Were we not to waive the requirement, we would first have to consider Boos's argument that she has in fact complied with the duty to exhaust administrative remedies or, in the alternative, that any failure to do so has been cured. If we accepted these contentions, we would at that point turn to the district court's alternate ground for decision, Boos's allegedly unexcused failure to seek EEO counseling within forty-five days of the claimed discriminatory incident. Similarly, we would ultimately have to reach the court below's alternate ground for decision, even if we rejected Boos's arguments that she did not exhaust her remedies or that any such failure should be excused. In that situation, we would be forced to dismiss her claim, but, unlike the district court, we would dismiss that claim without prejudice to its reinstatement once Boos had exhausted her administrative remedies. See Criales v. American Airlines, Inc., 105 F.3d 93, 95 (2d Cir. 1997) ("Like any other dismissal for failure to exhaust administrative remedies, a dismissal of a Title VII action by reason of a plaintiff's failure to wait for a right-to-sue notice is not a bar to instituting the suit after the notice is delivered."). Boos then could (and presumably would) refile immediately (now that the EEOC has acted), and the district court could (and presumably would) once again grant summary judgment, as it did before, on the ground that, without excuse, Boos failed to seek EEO counseling in a timely manner. And on appeal we would be asked to review that decision.
 
 
 18
 Since, as we shall see soon enough, we agree with the district court's summary judgment ruling, based as it was on the timeliness requirement, there is no justification for putting the parties and the courts to so much travail before we make that holding. Accordingly, we will -- on our own motion -- waive the exhaustion requirements and turn to the district court's alternate ground for decision.
 
 B. Failure to Seek EEO Counseling
 
 19
 In granting summary judgment, the district court noted that Boos had failed to seek EEO counseling within forty-five days of any alleged incidents of discrimination, as required by 29 C.F.R. 1614.105(a)(1). Since Boos alleges that the USPS discriminated against her on January 21, 1994, when it denied her requested transfer,[6] she does not seem to dispute that she failed to act within the required time. Her claim is, rather, that the forty-five day limit should have been tolled due to her mental illness.
 
 
 20
 We have previously stated that the forty-five day requirement is subject to equitable tolling. See, e.g., Briones, 101 F.3d at 290. In Canales v. Sullivan, 936 F.2d 755 (2d Cir. 1991), a case concerning a denial of Social Security benefits, we held that the plaintiff-appellant had raised sufficient questions of fact concerning the propriety of equitable tolling of the sixty-day limitations period due to mental illness to require a remand to the district court. See id. at 759. As Canales indicates, the question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of this Circuit, highly case-specific. See id. at 759 (instructing district courts to look to "all the circumstances of the case" when determining whether equitable tolling due to mental illness is appropriate).[7]
 
 
 21
 The burden of demonstrating the appropriateness of equitable tolling, however, lies with the plaintiff. Cf. Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985) (placing the burden of showing "extraordinary" circumstances justifying equitable tolling of a time bar in an employment discrimination suit on the employee-plaintiff). In the case before us, Boos offers no more than a statement that she suffers from "paranoia, panic attacks, and depression." While mental illnesses are as varied as physical illnesses, which is why our Circuit adheres to a case-specific approach, Boos's conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling.
 
 
 22
 Since we find that Boos has failed to satisfy her burden of raising a genuine issue of material fact concerning the appropriateness of equitable tolling, the decision of the district court granting summary judgment is AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Section 1614.105(a)(2) reads, in relevant part, as follows:
 The agency or the Commission shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter of personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.
 
 
 [2]
 Boos originally filed her appeal on April 29, 1997. The parties subsequently stipulated to a dismissal of Boos's appeal, without prejudice, to allow Boos to make a Rule 60(b) motion in the district court for relief from the judgment as a result of newly discovered evidence. On July 21, 1998, the district court denied Boos's 60(b) motion. Boos then moved for the reinstatement of her appeal, which we granted on December 15, 1998.
 
 
 [3]
 On its facts, Steel Co. can be viewed as dealing only with the existence of standing as required by the Constitution. See Steel Co., 118 S. Ct. at 1016. It has been read, however, to apply to constitutional bases of jurisdiction generally. See, e.g., United States v. Texas Tech Univ., 171 F.3d 279, 287-88 (5th Cir. 1999) (reading Steel Co. as requiring courts to address constitutional jurisdictional issues before reaching the merits of a case). As such, it arguably does not prohibit the use of assumed or hypothetical jurisdiction where the jurisdictional requirement is only statutory. We need not decide whether that means that jurisdiction can be assumed in a situation, as in this case, where the statutory requirements involve constitutional values such as sovereign immunity.
 
 
 [4]
 The confusing "jurisdiction" language in many of our discrimination cases may reflect a tendency by courts to conflate the question of whether the failure to conform to procedural prerequisites deprives courts of subject matter jurisdiction with the question of whether such a failure merits dismissal with prejudice according to Federal Rule of Civil Procedure 41(b). See Criales v. American Airlines, Inc., 105 F.3d 93, 95-97 (2d Cir. 1997). 5 Subsection (a) refers to the United States Postal Service as one such "department, agency or unit." See 42 U.S.C. 2000e-16(a) (1994).
 
 
 [5]
 Subsection (a) refers to the United States Postal Service as one such "department, agency or unit." See 42 U.S.C. 2000e-16(a)(1994).
 
 
 [6]
 Boos at times appears to argue that the USPS committed additional discriminatory acts later than January 21. Even taking the date of her departure from the USPS as the last act of discrimination, however, Boos did not obtain EEO counseling until August 1994 and hence failed to ask for help within 45 days.
 
 
 [7]
 In contrast, the First and Seventh Circuits have seemingly attempted to establish generalized standards. See Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996) (holding, in a Rehabilitation Act suit against the government for discrimination on the basis of mental illness, that "mental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them); Nunnally v. MacCausland, 996 F.2d 1, 5 (1st Cir. 1993) (per curiam) (holding, in a Rehabilitation Act suit against the government for discrimination on the basis of mental illness, that a plaintiff would be entitled to equitable tolling only if she could demonstrate that she was "[un]able to engage in rational thought and deliberate decision making sufficient to pursue [her] claim alone or through counsel").