Pierre C. **TAYLOR**, Plaintiff,

v.

William J. **HENDERSON**, Postmaster General, Defendant.

No. 99 Civ. 4941(AJP).

United States District Court, S.D. New York.

June 8, 2000.

Pierre C. Taylor, Brooklyn, NY, pro se.

Sarah S. Norman, Office of U.S. Atty., S.D.N.Y., New York City, for William J. Henderson.

### OPINION AND ORDER

PECK, United States Magistrate Judge.

Plaintiff Pierre C. Taylor brought this Title VII action against the United States Postal Service for race discrimination in employment arising out of disciplinary action against him following a confrontation with a coworker on June 18, 1997. (*Id.* at 3–4.) Presently before the Court is the Postal Service's motion to dismiss, arguing that Taylor failed to exhaust available administrative remedies by failing to comply with the deadline for filing an agency complaint and allegedly ignoring requests for information from Postal Service Equal Employment Opportunity ("EEO") investigators.[1] Taylor answered the Postal Service's arguments by asserting that he never received communications from the EEO investigator.

For the reasons set forth below, the Postal Service's motion is DENIED. While it is disputed whether Taylor failed to cooperate or never received the written request for information, that factual dispute is not material. The Postal Service EEO office did not ask Taylor for information until long after 180 days from the time he filed his EEO complaint, and therefore Taylor had a right to sue once the 180 days had passed. 42 U.S.C. § 2000e–16(c).

### BACKGROUND

The undisputed facts material to the pending motion are as follows:

This lawsuit stems from an altercation between Taylor and a co-worker on June 18, 1997, as a result of which Taylor was suspended for seven days, from September 6, 1997 to September 13, 1997. (Compl.

¶¶ 5, 8; Anderson Aff.Ex. A: Investigative File Exhibits, 6/19/97 Memo to Pierre Taylor.) On June 18, 1997, Taylor initiated an informal complaint and counseling with the Postal Service's EEO office. (Gov't Br. at 15; Anderson Aff.Ex. A: Counselor Reports, "Informal Complaint of Discrimination.") On August 22, 1997, after his final interview with the counselor, Taylor received and signed notice of his right to file a formal complaint of discrimination within 15 days. (*Id.*) Seventeen days later, on Monday, September 8, 1997, he hand delivered a formal complaint, dated as of September 6, 1997, to the EEO office. (Gov't Br. at 5–6; Anderson Aff.Ex. A: Formal Complaint.) The Postal Service EEO office informed Taylor by letter dated September 18, 1997 that two of his allegations had been dismissed but that his main complaint, that he was improperly suspended, would be investigated. (Gov't Br. at 6; Anderson Aff. Ex. A: Issues to be Investigated, 9/18/97 Letter to Taylor.) That letter also advised Taylor to "be prepared to go forward with your case when the EEO Counselor/Investigator contacts you." (*Id.*)

Nothing further happened until one year later. On September 18, 1998, the EEO investigator requested by certified mail a sworn affidavit from Taylor and scheduled a meeting with him. (*See* Gov't Br. at 7–8; Anderson Aff.Ex. A: Miscellaneous Correspondence, 9/18/98 Letter to Taylor.) The letter was returned unopened and the meeting never took place. (*Id.*) A second letter was sent on October 7, 1998, but the parties dispute whether Taylor ever received it. (*Id.;* Taylor 5/2/00 Aff. ¶¶ 2–3.)

In any case, the Postal Service's EEO office completed its investigation without Taylor's input. (*See* Anderson Aff.Ex. A: Investigation, Affidavits and Exhibits.) The EEO investigator obtained affidavits

---

**1.** The Postal Service's papers are styled as a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). However, since they refer to the administrative record which goes beyond the four corners of the pleadings, the motion will be treated as one for summary judgment, as provided by Rule 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...."). *See, e.g., Ali v. Szabo,* 81 F.Supp.2d 447, 450 n. 1 (S.D.N.Y.2000) (Pauley, D.J. & Peck, M.J.).

from two of Taylor's supervisors, performed a comparative analysis of the ethnic breakdown in Taylor's unit, and prepared a detailed investigative report dated March 19, 1999. (*Id.*) On March 22, 1999, more than a year and a half after the original EEO complaint was filed, the Postal Service EEO office sent Taylor a copy of its investigative file, along with a confusing letter advising him, among other things, of his right to request a final agency decision, his right to request a hearing, and his right to sue 180 days after his formal complaint was filed. (Anderson Aff.Ex. A: Post–Investigation, 3/22/99 Letter to Taylor; *see also* Gov't Br. at 10.) Taylor interpreted this as a "right to sue" letter and filed his complaint in this Court on June 3, 1999. (Compl. at 1, 5 & ¶ 12 & attached 3/22/99 Letter; *see also* Gov't Br. at 10–11.) Shortly thereafter, on July 23, 1999, the Postal Service EEO Office issued a final decision on the merits, finding no discrimination. (Anderson Aff.Ex. B: 7/23/99 Decision; *see also* Gov't Br. at 11.)

### ANALYSIS

The Postal Service moves to dismiss, alleging that Taylor failed to exhaust his administrative remedies by: (1) filing an untimely formal EEO complaint more than 15 days after his final EEO counseling interview in 1997 (Gov't Br. at 13–18), and (2) failing to respond to the EEO office's requests for information in September 1998 (*id.* at 19–23).

### I. TAYLOR FILED HIS FORMAL POSTAL SERVICE EEO COMPLAINT WITHIN THE REQUIRED FIFTEEN–DAY LIMIT

■ Under the relevant regulations, a postal employee who believes that he or she has been discriminated against must contact an EEO counselor within 45 days of the date of the alleged discriminatory incident or personnel action. 29 C.F.R.

§ 1614.105(a)(1); *see generally* 29 C.F.R. § 1614.101 et seq. If counseling is not successful, the counselor is required to inform the aggrieved employee that he or she has a right to file a formal EEO complaint. 29 C.F.R. § 1614.105(d). The employee's receipt of this notice triggers a 15–day period within which to file a formal EEO complaint. 29 C.F.R. § 1614.106(b). Failure to comply with these time limits is grounds for the EEO office to dismiss the complaint without a hearing. 29 C.F.R. § 1614.107(a)(2).

The Postal Service argues that "[h]aving received the Notice of Right to File on August 22, plaintiff therefore had until September 6, 1997 to file a formal EEO complaint. However, plaintiff did not file his EEO complaint until September 8, 1997, when he hand-delivered the complaint to the EEO office." (Gov't Br. at 15–16; *accord,* Gov't Reply Br. at 3.)

In the words of Dr. John H. Watson, " 'As to your dates, that is the biggest mystification of all,' " to which Sherlock Holmes responded " 'Well, now, let us take the dates first.' " Arthur Conan Doyle, "The Adventure of the Creeping Man" in *The Casebook of Sherlock Holmes.* To go from the literary to the instant case, fifteen days from August 22, 1997 was September 6, 1997, a Saturday. Since the deadline fell on a Saturday, it was extended as a matter of law to Monday, September 8, 1997. 29 C.F.R. § 1614.604(d). Taylor filed his Postal Service EEO complaint on Monday, September 8, 1997, and thus it was timely. Elementary! [2]

### II. TAYLOR'S ALLEGED NON–COOPERATION IS IMMATERIAL BECAUSE IT OCCURRED ONLY AFTER 180 DAYS, WHEN HIS RIGHT TO SUE HAD FULLY VESTED

■ The Postal Service also argues that Taylor's action is not administratively ex-

2. The Court is troubled by the fact that the Assistant United States Attorney filed her motion without bothering to check a calendar. The AUSA should have been on notice of a possible defect in her argument by the fact that the Postal Service EEO office accepted and investigated Taylor's complaint without any reference to it possibly being untimely. The AUSA is required to discuss this Opinion

hausted and therefore is defaulted because he allegedly failed to cooperate with the Postal Service EEO office's investigation into the incident. (*See* Gov't Br. at 19–23.) Taylor claims that he never received the two letters from the EEO office asking him for additional information. (*See* Taylor 5/2/00 Aff. ¶¶ 2–3.) However, this factual dispute is not material. The Postal Service EEO office did not ask for additional information until a year after Taylor had filed his formal EEO complaint, and he was statutorily free to sue in federal court once 180 days had passed without final agency action.

A government employer can sue his employing agency for discrimination in federal court within 90 days of final agency action or after 180 days have passed from the filing of the formal agency EEO complaint without a final agency decision. The relevant statute, 42 U.S.C. § 2000e–16(c), provides:

> Within 90 days of receipt of notice of final action taken by a [covered federal] department, agency, or unit . . . on a complaint of discrimination based on race, color, religion, sex or national origin, . . . or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit . . ., until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e–16(c); *see, e.g., Brown v. General Services Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976) ("[T]he complainant may file a civil action if, after 180 days from the filing of the charge . . ., the agency . . . has not taken final action."); *Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir.2000); *Wrenn v. Secretary, Dept. of Veterans Affairs*, 918 F.2d 1073, 1077 (2d Cir.1990), *cert. denied*, 499 U.S. 977, 111 S.Ct. 1625, 113 L.Ed.2d 721 (1991). Taylor filed his formal EEO complaint on September 8, 1997. (Anderson Aff.Ex. A: Formal Complaint.) The Postal Service EEO office neither took any final action during the first 180 days, nor made any requests of Taylor during that 180–day period. Therefore, Taylor had a right to sue anytime after 180 days, *i.e.*, after March 7, 1998. *See, e.g., Charles v. Garrett*, 12 F.3d 870, 874–75 (9th Cir.1993) (federal employee may sue after 180 days as long as he cooperated with the agency investigation for the first 180 days following the filing of his formal complaint); *Munoz v. Aldridge*, 894 F.2d 1489, 1492–93 (5th Cir.1990) ("Where, as here, a case languishes in the administrative phase for long beyond 180 days, indeed without activity for over 180 days, we cannot say that abandoning the administrative process constitutes such a lack of cooperation as to bar suit by reason of failure to exhaust administrative remedies."); *McRae v. Librarian of Congress*, 843 F.2d 1494, 1496–97 (D.C.Cir.1988); *Clark v. Chasen*, 619 F.2d 1330, 1337 (9th Cir.1980); *see also* 3 Lex K. Larson, *Employment Discrimination* § 64.02 (2d ed.2000) ("if 180 days pass without final agency action, there is no further exhaustion required.").

Since the Postal Service EEO office did not request information from Taylor until well after 180 days had passed, he was free to bring this lawsuit.

### CONCLUSION

For the reasons set forth above, the Postal Service's motion is DENIED. By separate Order, the Court has established a discovery schedule.

SO ORDERED.

with the Chief of the Civil Division, Jane

Booth.