**James J. MANDARINO,**
**Plaintiff–Appellant,**

v.

**James MANDARINO and Alexandra Paolercio, Defendants–Appellees,**

**John Doe 1–5, Defendant.**

**No. 05–4214–CV.**

United States Court of Appeals, Second Circuit.

May 11, 2006.

Michael S. Kimm, Hackensack, NJ, for Appellant.

Eric M. Kraus (Eva Canaan, on the brief), Sedgwick, Detert, Moran & Arnold LLP, New York, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges, and RICHARD M. BERMAN,\* District Judge.

## SUMMARY ORDER

Plaintiff James J. Mandarino appeals from an order of the District Court granting defendants' motion to dismiss his complaint, which contained claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, as well as state consumer protection laws and various common law torts. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

According to the complaint, plaintiff's son, defendant James Mandarino, and plaintiff's former wife, defendant Alexandra Paolercio, allegedly conspired to defraud plaintiff when he was mentally incapacitated after a heroin overdose in November 1993. As a result of the overdose, plaintiff allegedly "was medically disabled ... and was unable to recall specific events, including the location and extent of his business and personal properties and assets." Compl. ¶ 9 Plaintiff contends that he remained disabled until 2002, and that defendant Mandarino took efforts to "conceal[ ] material facts from plaintiff." *Id.* ¶ 12 Allegedly, it was not until "approximately June 2002" that plaintiff "partially regained his ability to perceive events[ ] and discovered that defendants had converted virtually all of plaintiff's assets to their own benefit." *Id.* ¶ 13.

---

\* The Honorable Richard M. Berman of the United States District Court for the Southern District of New York, sitting by designation.

Plaintiff alleges that defendant Mandarino had, between November 1993 and the end of 1996, committed eleven acts of mail fraud that caused injury to plaintiff and that allegedly served as RICO predicate acts. *Id.* ¶¶ 21–47 In addition, according to plaintiff, defendants "unlawfully and fraudulently converted, in a closing of title which took place in September or October 2003, plaintiff's one-half interest in a certain property situated [in] ... East Stroudsburg, Pennsylvania" (the "2003 incident"). *Id.* ¶ 14 Defendant Mandarino, who is an attorney, also allegedly breached fiduciary duties to plaintiff and violated consumer fraud laws by impersonating plaintiff and forging plaintiff's signature on documents. *Id.* ¶¶ 9–10

Defendants moved to dismiss the complaint, and the District Court granted the motion, reasoning that plaintiff commenced the action on January 8, 2004, which was more than six years after all the alleged fraudulent acts other than the 2003 incident. Accordingly, the District Court determined that plaintiff's claims pursuant to RICO and the common law of fraud, breach of fiduciary duty, and conversion, to the extent based on any act alleged other than the 2003 incident, were untimely. *See* N.Y. C.P.L.R. § 213(8) (providing that a plaintiff must commence a fraud action within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff ... discovered the fraud, or could with reasonable diligence have discovered it"); N.Y. C.P.L.R. § 214(3) (three-year limitations period for conversion claims); *Rotella v. Wood,* 528 U.S. 549, 552–54, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000) (civil RICO action must be commenced within four years of date when injury should through exercise of reasonable diligence have been discovered); *Cooper v. Parsky,* 140 F.3d 433, 440–41 (2d Cir.1998) (New York law provides for a three-year statute of limitations when a plaintiff seeks monetary relief

for breach of fiduciary duty). The District Court concluded that plaintiff was ineligible for equitable tolling because, although "[p]laintiff's otherwise time-barred claims, both federal and state, would be eligible for equitable tolling for any period of time during which [p]laintiff suffered from a mental incapacity that precluded him from managing his legal affairs," *Mandarino v. Mandarino,* No. 04 Civ. 00148, Order, ("*Mandarino* Order") at 8 (S.D.N.Y. July 14, 2005), he had participated in two lawsuits, of which the District Court took judicial notice, *see* Fed.R.Evid. 201(b), during the alleged period of incapacity. Mandarino sued the City of New York in 1997 and participated in a civil RICO action in 1994. The District Court found that Mandarino's "participation in two lawsuits during the period of his alleged mental incapacity shows that he was sufficiently able to protect his legal rights" and therefore determined that he could not qualify for equitable tolling. *Mandarino* Order at 9. The District Court also dismissed plaintiff's consumer fraud claim on the basis of his failure to state a claim upon which relief could be granted and dismissed plaintiff's remaining claims relating to the 2003 incident for failure to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

On appeal, plaintiff contends that the District Court erred by (1) improperly resolving a factual issue on a motion to dismiss in its statute of limitations analysis and (2) failing to provide plaintiff leave to amend his complaint. Plaintiff has not taken issue with the dismissal of his claim pursuant to the consumer protection laws for failure to state a claim upon which relief can be granted or the District Court's conclusion that plaintiff failed to plead fraud relating to the 2003 incident with the particularity required by Federal Rule of Civil Procedure 9(b). We find no abuse of discretion in the District Court's

dismissal with prejudice of plaintiff's claim pursuant to the consumer protection laws and his claims relating to the 2003 incident because plaintiff never sought leave to amend his complaint before the District Court. *See Anatian v. Coutts Bank (Switzerland) Ltd.,* 193 F.3d 85, 89 (2d Cir. 1999).

With respect to the District Court's statute of limitations analysis, we recognize that equitable tolling is appropriate "only in ... rare and exceptional circumstance[s]" *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (internal quotation marks omitted), but also that mental incapacity, if satisfactorily shown, can be a proper basis for such tolling, *see Boos v. Runyon,* 201 F.3d 178, 184 (2d Cir.2000). We conclude that, in the circumstances presented, the District Court should not have resolved the fact-specific equitable tolling issue on defendants' motion to dismiss. When, as here, the facts are disputed, the best practice is to analyze a question of mental incapacity in the context of summary judgment. *See id.* at 185.

Plaintiff alleged that he suffered from a mental disability that deprived him of his "ability to perceive events," Compl. ¶ 13, and that fact must be presumed to be true on a motion to dismiss, *see Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 165 (2d Cir.2005), even if the lawsuits of which the Court took judicial notice suggested that plaintiff's claims would be unlikely to survive summary judgment. Plaintiff was entitled to an opportunity to adduce evidence supporting his equitable tolling claim—specifically, evidence demonstrating how he could have been mentally incapable of timely pursuing this action at the same time that he was able to pursue other lawsuits. We, of course, express no view as to the likelihood of plaintiff making a satisfactory showing on this point. We note, however, that the District Court would act well within its discretion on remand if it required plaintiff to make this evidentiary showing before proceeding further with the case. We further emphasize that to secure the benefits of equitable tolling, plaintiff must present evidence that supports more than a "conclusory and vague" claim of mental incapacity. *Boos,* 201 F.3d at 185. Rather, the evidence must provide a "particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." *Boos,* 201 F.3d at 185; *see also Brown v. Parkchester S. Condos.,* 287 F.3d 58, 60 (2d Cir.2002). Anything less will warrant summary judgment in favor of the defendants.

We have considered all of plaintiff's other arguments on appeal and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court insofar as it dismissed with prejudice plaintiff's claim for violation of consumer protection laws and plaintiff's claims relating to the 2003 incident. We VACATE the judgment insofar as the District Court dismissed plaintiff's other claims on statute of limitations grounds and REMAND for further proceedings consistent with this order.