John P. **STELLA,** Plaintiff–Appellant,

v.

John E. **POTTER,** Postmaster General, United States Postal Service, Defendant–Appellee.

No. 04–1547–cv.

United States Court of Appeals, Second Circuit.

Oct. 24, 2008.

**44**

John. P. Stella, Plaintiff–Appellant, Pro se.

Claire S. Kedeshian, Varuni Nelson, Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, N.Y., for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant John P. Stella appeals from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*) dismissing his complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* (ADA)[1], that alleged that his employer, Defendant–Appellee John E. Potter, Postmaster General of the United States Postal Service, failed to accommodate his disability and discriminated against him based on his Italian ancestry. In January 2004, the District Court dismissed Stella's complaint pursuant to Federal Rules of Civil Procedure 12(c), finding that "[w]hatever their merit, Stella's claims are untimely" because he failed to exhaust timely any administrative remedies available under either Title VII or the Rehabilitation Act. Though the exhaustion requirement is subject to equitable tolling, the District Court found that Stella's claim that his mental illness prevented him from timely contacting the appropriate agencies was "conclusory and vague," and without more, was "manifestly insufficient to justify any further inquiry into tolling." Stella now appeals that judgment. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

This Court reviews the district court's grant of dismissal pursuant to Rule 12(c) *de novo. See Hardy v. N.Y. City Health*

---

1. As explained by the District Court, Stella's ADA claims are construed as a claim under the Rehabilitation Act.

& *Hosps. Corp.*, 164 F.3d 789, 792 (2d Cir.1999). A motion to dismiss under Rule 12(c) is governed by the same standard as a motion under Rule 12(b)(6). *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), *cert. denied*, 531 U.S. 1052, 121 S.Ct. 657, 148 L.Ed.2d 560 (2000). Accordingly, we accept all allegations in the complaint as true, draw all inferences in favor of the plaintiff, and affirm only if the plaintiff fails to provide factual allegations sufficient "to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir.2008) (internal quotation marks omitted).

Prior to bringing suit under either Title VII or the Rehabilitation Act, "a federal government employee must timely exhaust the administrative remedies at his disposal." *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir.2001) (internal quotation marks and citation omitted) (Title VII); *Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir.2000) (Rehabilitation Act). The Equal Employment Opportunity (EEO) Commission regulations at the applicable time required that an aggrieved agency employee initiate contact with a counselor at the relevant agency's EEO office within thirty days of the alleged discriminatory act, with certain exceptions. *See* 29 C.F.R. § 1614.105(a)(1), (2).[2]

If a matter was not resolved, the employee had to file a formal written complaint within fifteen days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint. *See* 29 C.F.R. § 1614.106(b). The District Court did not make a finding as to whether Stella met this latter requirement, and accordingly, we take no position on this question at this time.

Despite these deadlines, this Court has recognized that mental illness can be a basis for tolling the limitations period. *See Boos*, 201 F.3d at 184. Stella claims that his mental illness prevented him from timely notifying an EEO counselor, specifically that he had been "depressed" and "in a trance" for the last twelve years. Because the District Court dismissed this case pursuant to Rule 12(c), it should have accepted all the allegations in the complaint as true and drawn all inferences in Stella's favor, including the allegation that Stella was unable to comply with subsequent time limits because of his mental illness. Though Potter moved for summary judgment in the alternative, the District Court did not decide this case under the summary judgment standard. Accordingly, we do not opine as to whether Stella's claims would survive under that level of review. We only find that based on the record before this Court, the District

---

**2.** The applicable time period was thirty days at the time of the alleged discriminatory conduct in this case. The EEOC amended its regulations to extend the time limit to forty-five days effective October 1, 1992. *See Briones v. Runyon*, 101 F.3d 287, 290 n. 1 (2d Cir.1996) (citing 57 Fed.Reg. 12,634 (1992)). Before a motions panel of this Court, Stella argued that he first made contact with an EEO counselor "soon after" his alleged experience of discrimination. On that basis, the motions panel indicated that Stella's initial contact was timely. At oral argument before our panel, Stella stated that "soon after" meant that he contacted the EEO counselor within thirty days. Despite these allegations, Stella's "Information and Precomplaint Counseling," which is signed by Stella, indicates that he first made contact with an EEO counselor on June 6, 2001, after the limitations period. Second Circuit precedent allows the District Court to consider at least the Information for Precomplaint Counseling on a motion for judgment on the pleadings. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565–66 (2d Cir.2006) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995)), *aff'd*, —— U.S. ——, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008). Hence, we cannot say that the District Court erred in finding that Stella did not timely exhaust his remedies.

Court, at this 12(c) stage, abused its discretion.

The judgment on the District Court is VACATED and this case is REMANDED to the District Court. We instruct the District Court to consider on summary judgment with a full record whether Stella in fact contacted an EEO counselor within thirty days of the alleged discriminatory act, and if not, whether the time period in which Stella was required to consult an EEO counselor should be tolled as a result of his mental illness.