**Barbara A. GAGER, Plaintiff–Appellant,**

v.

**Anthony J. PRINCIPI, Defendant–Appellee.**

No. 07–1088–cv.

United States Court of Appeals,
Second Circuit.

Nov. 12, 2008.

Barbara A. Gager, New York, NY, pro se.

Kristin L. Vassallo and Beth E. Goldman, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, for Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI Circuit Judges.

### SUMMARY ORDER

Appellant Barbara A. Gager, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (Batts, *J.* ) dismissing her complaint. We assume the parties' familiarity with the underlying facts, procedural history of the case, and scope of the issues presented on appeal.

We review *de novo* the District Court's dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally and accepting all factual allegations in the complaint as true. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). We must determine if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A district court's decision to deny equitable tolling is reviewed for abuse of discretion. *See Fernandez v. Chertoff,* 471 F.3d 45, 51 (2d Cir.2006).

Gager's Title VII complaint was untimely because she did not file suit within ninety days of receiving notice of the final agency decision regarding her allegation of discrimination, as required by 42 U.S.C. § 2000e–16(c). Additionally, Gager failed to establish that she was entitled to equitably toll this period because she did not

demonstrate that she acted diligently or that extraordinary circumstances prevented her from timely filing suit. *See Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996). Although Gager contends that she lost track of time and dates due to deaths in her family and her father's illness, these circumstances are insufficient to warrant equitable tolling because she did not act diligently during the ninety-day period. *See Zerilli–Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003). Further, while Gager argues that she was overwhelmed by her family difficulties, she did not allege that she suffered from a mental condition that prevented her from pursuing her claim. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir.2000) (finding that plaintiff failed to establish entitlement to equitable tolling where she claimed that she had a mental illness but did not provide "a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights").

Accordingly, the judgment of the District Court is AFFIRMED.