**Vivian PENA, Plaintiff–Appellant,**

v.

**John E. POTTER, United States Postal Service, Defendants–Appellees.**

No. 07–2772–cv.

United States Court of Appeals, Second Circuit.

May 7, 2009.

**34**

Vivian Pena, pro se.

Brian Marc Feldman, Assistant United States Attorney, for Lev L. Dassin, Acting United Stated Attorney, Southern District of New York, New York, NY, for Appellees.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. J. GARVAN MURTHA,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Vivian Pena, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), dismissing Pena's employment discrimination claims pursuant to Federal Rule of Civil Procedure 12(c). We assume the parties' familiarity with the facts and procedural history of the case.

We review a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) *de novo.* *See Hardy v. N.Y. City Health & Hosps. Corp.*, 164 F.3d 789, 792 (2d Cir.1999). Because Pena's submission on appeal contains no discussion of the district court's

dismissal of her claims under the Whistleblower Protection Act, 5 U.S.C. § 2302(b), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, or the New York State Human Rights Law, N.Y. Exec. Law § 296, we deem those claims abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (concluding that *pro se* appellant abandoned claim by failing to raise it in his appellate brief).

Furthermore, the district court correctly dismissed Pena's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*. Federal regulations governing claims under Title VII and the Rehabilitation Act provide that aggrieved persons who believe they have been discriminated against must consult a Counselor from the Equal Employment Opportunity Commission prior to filing a complaint "in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Exhaustion before the EEOC is "an essential element of Title VII's statutory scheme and is designed to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999) (internal quotation marks and citation omitted). Contact with the EEOC Counselor must take place within 45 days of (1) the date of the alleged discriminatory act; or (2) the effective date of the personnel action. 29 C.F.R. § 1614.105(a)(1). The 45–day requirement is subject to equitable tolling, *see Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir.2000), but only in "rare and exceptional circumstance[s] in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. N.Y. City*

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of   Vermont, sitting by designation.

*Transit Auth.,* 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citation omitted). Courts are to consider whether the person seeking the application of equitable tolling "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* at 80–81.

Pena's Amended Complaint states that her first contact with the EEOC was in December 2002, approximately ten months after she was notified of her termination. She has failed to demonstrate that she faced extraordinary circumstances during that ten-month period that "adversely affected her capacity to function generally or in relationship to the pursuit of her rights." *Boos,* 201 F.3d at 185 (equitable tolling not available where plaintiff alleged she suffered from paranoia, panic attacks, and depression, but did not provide "a particularized description" of how her condition impaired her ability to contact an EEOC Counselor within the 45–day period). We therefore agree with the district court that equitable tolling is not warranted in this case.

We have reviewed Pena's remaining contentions and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.