09-2545-cv
*Brown v. Research Foundation of SUNY Oneonta, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of June, two thousand ten.

PRESENT:

> JOSEPH M. McLAUGHLIN,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

ELLEN M. BROWN,

> *Plaintiff-Appellant,*

v.                                                    09-2545-cv

RESEARCH FOUNDATION OF SUNY ONEONTA, MELISSA NICOSIA, JOHN SPARACO, EDMOND OVERBEY, BRIDGET FISH-GRAVES, BERTHA RADILOFF,

> *Defendants-Appellees.**

_____

---

\* The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT: ELLEN M. BROWN, *pro se,* Otego, New York.

FOR DEFENDANTS-APPELLEES: PATRICK J. WALSH, Assistant Solicitor General, for Andrew S. Cuomo, Attorney General, State of New York, Albany, New York, *for Appellee Nicosia.*

SANJEEVE K. DESOYZA, Bond, Schoeneck & King, PLLC, Albany, New York, *for Appellees Research Foundation of SUNY Oneonta, Sparaco, Overbey, Fish-Graves, and Radiloff.*

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED. Appellant's motion to amend the record on appeal is DENIED.

Plaintiff-Appellant Ellen M. Brown, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) dismissing Appellant's employment discrimination complaint, which asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.*; and 42 U.S.C. § 1983. We assume the parties' familiarity with the facts and procedural history of the case and with the issues presented for review.

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We review orders granting summary judgment *de novo* and ask whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

2

Having conducted an independent and *de novo* review, we conclude, for substantially the same reasons as the district court, that Appellant failed to timely commence an action in federal court within ninety days after she was issued a right-to-sue letter by the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII and ADA claims); 29 U.S.C. § 626(e)(1) (ADEA claims). We conclude that Appellant did not demonstrate extraordinary circumstances that would merit the application of equitable tolling. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (placing the burden on the plaintiff to demonstrate that equitable tolling should be applied, and noting that vague or conclusory assertions are "insufficient to justify any further inquiry into tolling"); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (noting circumstances that would justify equitable tolling and that a plaintiff who fails to act diligently may not invoke tolling).

We further conclude, for substantially the same reasons as the district court, that Appellant was unable to sustain a retaliation claim under § 1983. The record supports the district court's conclusion that Appellant's speech did not meet the legal definition of a matter of public concern because it was "personal in nature and generally related to [Appellant's] own [work] situation." *Huth v. Haslun*, 598 F.3d 70, 74 (2d Cir. 2010) (quoting *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143 (2d Cir. 1993)) (internal quotation marks omitted). Moreover, Appellant has not adequately shown that her speech was a motivating factor in her termination. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (per curiam).

We have considered Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED. Appellant's motion to amend the record on appeal is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk