Hodges v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand thirteen.

PRESENT:
>    GUIDO CALABRESI,
>    DEBRA ANN LIVINGSTON,
>    GERARD E. LYNCH,
>        *Circuit Judges.*

───────────────────────────────

JERRY HODGES,

>                *Plaintiff-Appellant*,

>        v.                                          12-805-cv

ERIC H. HOLDER, JR., Attorney General Dep't of Justice, Federal Bureau of Prisons, Agency,

>                *Defendant-Appellee.*[*]

───────────────────────────────

────────────────

[*]The Clerk of Court is directed to amend the official caption to conform to the above.

Jerry Hodges, *pro se*, Baldwin, NY, *Plaintiff-Appellant*

Alicia Marie Simmons and Benjamin H. Torrance, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Defendant-Appellee*

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Jerry Hodges, proceeding *pro se*, appeals from the district court's grant of summary judgment, dismissing his employment discrimination complaint alleging intentional discrimination, failure to reasonably accommodate his disability, and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*,[1] as well as from the denial of his motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible

---

[1] Hodges's complaint mentions only the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Since that Act does not provide federal employees like Hodges with a remedy for employment discrimination, the district court fairly construed his *pro se* complaint as alleging the same claims under the Rehabilitation Act. *See Fulton v. Goord*, 591 F.3d 37, 42 n.1 (2d Cir. 2009) ("[T]he same factual allegations generally will support both ADA and Rehabilitation Act claims.") (citation omitted).

2

factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As an initial matter, a plaintiff bringing claims under the ADA or the Rehabilitation Act must exhaust certain administrative remedies before initiating suit in the district court. *See Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000). "[A] plaintiff typically may raise in a district court complaint only those claims that either were included in or are reasonably related to the allegations contained in [his] EEOC charge." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 83 (2d Cir. 2001) (internal quotation marks omitted). The record reveals that Hodges failed to raise his retaliation claim in his EEOC charge. Accordingly, the magistrate judge correctly dismissed this claim for failure to exhaust administrative remedies.

Because the ADA and the Rehabilitation Act are very similar, we may "look to caselaw interpreting one statute to assist us in interpreting the other." *Francis v. City of Meriden*, 129 F.3d 281, 284 n.4 (2d Cir. 1997). Intentional discrimination claims pursuant to the Rehabilitation Act are subject to the burden-shifting analysis originally established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Reg'l Econ. Cmty. Action Program v. City of Middletown*, 294 F.3d 35, 48–49 (2d Cir. 2002). As relevant here, "[a] plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96

(2d Cir. 2009) (quoting *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006)). In order to establish a *prima facie* case under the Rehabilitation Act, a plaintiff must show that the discrimination occurred "solely" because of his or her disability. *City of Middletown*, 294 F.3d at 49.

Here, the magistrate judge properly granted summary judgment on Hodges's failure-to-accommodate claim. In discrimination claims based on a failure to accommodate, the plaintiff "bears the burdens of both production and persuasion as to the existence of some accommodation that would allow [him] to perform the essential functions of [his] employment." *McBride*, 583 F.3d at 97; *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 137–38 (2d Cir. 1995). That is, the plaintiff "must demonstrate the existence, at or around the time when accommodation was sought, of an existing vacant position to which she could have been reassigned." *McBride*, 583 F.3d at 97–98. "Mere speculation" will not suffice. *See Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562, 566–67 (2d Cir. 2000). Here, the magistrate judge correctly determined that Hodges had failed to submit evidence sufficient to raise a genuine issue as to whether there was a vacant position that he was qualified for and to which he could have been assigned.

The magistrate judge also properly granted summary judgment to the Appellee on Hodges's intentional discrimination claim. As the magistrate judge correctly noted, even assuming that Hodges established a *prima facie* case of disability discrimination, he failed to present sufficient evidence from which a reasonable jury could find that the stated reason for declining to offer Hodges a position—that Hodges could not perform any available position with or without reasonable accommodation—was pretextual. *See McDonnell Douglas*, 411

4

U.S. at 804–05; *McBride*, 583 F.3d at 96.  Because, for the reasons just noted, no reasonable jury could find, on the evidence presented, that a suitable position was available at the time, Hodges cannot show on the record here that declining to offer him a position was due "solely" to disability discrimination, at the Rehabilitation Act requires.  *See* 29 U.S.C. § 794(a).

Lastly, although Hodges may have intended to appeal the district court's order denying his motion for reconsideration, he has failed to challenge that decision on appeal.  Therefore, he has abandoned this argument.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding, in the context of a *pro se* appeal, that issues not raised in an appellate brief are abandoned).  In any event, our review reveals no abuse of discretion in the denial of reconsideration.

We have considered all of Hodges's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court and order denying reconsideration are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5