[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-15095

_____

D. C. Docket No. 03-01845-CV-JFK-1

MASON BROWN,

Plaintiff-Appellant,

versus

JOHN SNOW, Secretary of the Treasury of the United
States of America,
MARK W. EVERSON, Commissioner of the Internal
Revenue Service,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 24, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

Mason Brown's appeal of the summary judgment against his complaint of sexual harassment and retaliation while employed at the Internal Revenue Service presents a threshold issue of jurisdiction and then two issues about the merits of his complaint. The jurisdictional issue is whether Brown failed to exhaust his administrative remedies when he filed his complaint in the district court fewer than 180 days after he had filed an appeal with the Equal Employment Opportunity Commission and he allegedly did not seek counseling with an Equal Employment Office counselor within 45 days of the alleged harassment. The issues about the merits of Brown's complaint are whether Brown suffered sexual harassment and retaliation when the score on an evaluation of his job performance was lowered and whether Brown pleaded a claim for retaliation based on his later termination.

We conclude that jurisdiction was proper. Brown exhausted his administrative remedies. Brown cooperated with the investigation of the EEOC; the record does not establish that he failed to seek counseling within 45 days of the harassment; and his premature filing in the district court did not deprive the EEOC of the time allotted for its investigation.

We also conclude that Brown's complaint fails on the merits. Brown cannot establish that he suffered any sexual harassment or retaliation from the lowered score on the evaluation of his performance because he cannot prove a causal

connection between the lowered score and the denial of promotions that he later sought. Brown's remaining claim of retaliation by termination was not pleaded in his complaint. We affirm.

## I. BACKGROUND

From 1999 to 2004, Brown was employed by the IRS as a tax examiner. Brown received an evaluation of his job performance from June 1, 2000, to May 31, 2001, in which he received a score of 3.67 out of 5 and was rated "Fully Successful" in the four performance categories. In 2001, Dolores Bagley was assigned to Brown's division as an interim manager. Bagley began making sexual comments and advances towards Brown and made several attempts at physical contact with Brown. Brown resisted Bagley's advances.

On January 24, 2002, Bagley revised the earlier evaluation of Brown's job performance. Bagley lowered Brown's rating from 3.67 to 3.33, but the evaluation still rated Brown "Fully Successful" in the four performance categories. Shortly afterwards, Bagley allegedly threatened to "get [Brown] back" for refusing her sexual advances.

Brown reported Bagley's behavior to numerous superiors, but he contends that his complaints went unaddressed. Brown also applied for several positions within the IRS that would have given him greater responsibility and salary. Brown

3

was denied these promotions.

Brown filed a complaint of sexual discrimination with the Equal Employment Opportunity Commission on July 18, 2002, and met informally with an EEOC representative on September 10, 2002. Brown also filed a formal grievance with the IRS on November 8, 2002. On January 30, 2003, the IRS issued a final decision, which denied Brown's complaints of sexual discrimination and retaliation and informed Brown of his right to sue in federal court. Brown filed a notice of appeal with the EEOC on February 4, 2003. The IRS responded on April 2, 2003, and reiterated the denial of Brown's complaint without further comment.

Brown filed this complaint against the Secretary of the Treasury in the district court on July 1, 2003. Brown alleged sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. On August 7, 2003, the IRS informed the EEOC of Brown's lawsuit and requested that the EEOC cease its investigation of Brown's claim. On August 28, 2003, the Secretary of the Treasury, John Snow, filed a motion to dismiss Brown's complaint for lack of subject matter jurisdiction for failure to exhaust administrative remedies. The district court denied this motion on October 28, 2003.

Both parties consented to the jurisdiction of the magistrate judge. On June

7, 2004, Snow moved for summary judgment based on a lack of subject matter jurisdiction and on the merits. Brown responded and filed motions for summary judgment and injunctive relief. The magistrate judge granted Snow's motion on the merits and denied Brown's motions.

Brown also alleges that, after he filed a complaint with the EEOC, the manager of his department, Bagley's successor, continually questioned him about the status of the complaint. When Brown refused to answer, the manager allegedly informed Brown that his superiors would remove Brown if he did not drop the complaint. Brown was terminated in early 2004.

## II. STANDARD OF REVIEW

We review questions of subject matter jurisdiction de novo. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). We also review a grant of summary judgment de novo. Breda v. Wolf Camera & Video, 222 F.3d 886, 888 (11th Cir. 2000). We review the record and draw all inferences from it in the light most favorable to the non-moving party. Id.

## III. DISCUSSION

Our discussion of this appeal is divided into three parts. We first address whether Brown's complaint should have been dismissed based on his failure to exhaust his administrative remedies. Second, we discuss whether the district court

5

erred by entering summary judgment for Snow on the ground that Brown did not suffer an adverse employment action. Third, we examine whether the district court correctly entered summary judgment against Brown's claims of retaliation.

*A. Brown Exhausted His Administrative Remedies.*

Snow's argument that the district court lacked subject matter jurisdiction because Brown failed to exhaust his administrative remedies is twofold. First, Snow contends that Brown failed to wait 180 days from the day he filed his appeal with the EEOC before he filed his complaint in the district court. 42 U.S.C. § 2000e-16(c). Second, Snow contends that Brown failed to contact a counselor at the Equal Employment Office of the IRS within 45 days after the alleged harassment. We address each argument in turn.

1. Brown Did Not Fail to Cooperate with the EEOC When He
Prematurely Filed His Complaint.

Both federal statutes and EEOC regulations require a federal employee to exhaust an administrative process before filing a civil complaint of discrimination in the workplace. An aggrieved federal employee first must file a formal complaint with the agency that allegedly discriminated against him. 29 C.F.R. § 1614.106(a). After the agency has rendered a final decision, the employee has the option to appeal the decision of the agency to either the federal district court or the EEOC. 42 U.S.C. § 2000e-16(c). If the employee appeals to the EEOC and the

6

EEOC does not issue a decision within 180 days, the employee may file a complaint in the district court. Id.; 29 C.F.R. § 1614.407(d).

Although the 180-day waiting period is part of the administrative process that must be exhausted before filing suit in a federal district court, it is unclear whether a premature filing of a complaint deprives a district court of subject matter jurisdiction. Although our case law establishes that "[a] federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action," Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999), we have not addressed whether prematurely filing a complaint is, by itself, a failure to exhaust administrative remedies.

The constant theme of our precedents is that "the purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." Wade v. Sec'y of the Army, 796 F.2d 1369, 1377 (11th Cir. 1986); see also Johnson v. Bergland, 614 F.2d 415, 418 (5th Cir. 1980). To determine whether an employee failed to exhaust his administrative remedies, we consider whether "the complainant made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him or her." Wade, 796 F.2d at 1376; see also Crawford, 186 F.3d at 1326. Satisfaction of this requirement will ensure that "the agency [is]

7

given every opportunity to investigate and resolve the dispute[—]all that is intended by the exhaustion requirement." Wade, 796 F.2d at 1378.

We have applied the exhaustion requirement to affirm dismissals for lack of subject matter jurisdiction when the employee did not provide information requested by the investigating agency. In Johnson, for example, we concluded that a federal employee's failure to make a complaint more specific regarding dates and incidents of discrimination, as required by the agency, was a failure to exhaust administrative remedies that required dismissal. 614 F.2d at 417. More recently, in Crawford, we concluded that another federal employee's failure to provide information requested by the agency regarding the employee's injuries and medical treatment was a failure to exhaust administrative remedies that deprived the district court of subject matter jurisdiction. 186 F.3d at 1326.

We have reversed a dismissal for lack of subject matter jurisdiction when it was unclear from the record whether an employee had provided the agency with the information needed to investigate the complaint. In Wade, a complaints examiner for the Department of the Army notified federal employees who alleged racial discrimination against a class of black employees that their complaint did not allege numerosity, typicality, commonality, and adequacy of representation as required by agency regulation. 796 F.2d at 1372. Because we could not discern

8

from the record whether the employees had "made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available" to them, id. at 1376, we reversed the district court and remanded to "allow the district court to consider the exhaustion requirement in light of the information presented to the agency and complaints examiner by [the employees]." Id. at 1378.

Both Brown and Snow refer us to decisions of our sister circuits that addressed the premature filing of a complaint by a federal employee to support their respective arguments regarding exhaustion. Their arguments are unavailing, although for different reasons. We address each party's argument in turn.

Brown cites a Second Circuit case, Boos v. Runyon, 201 F.3d 178 (2d Cir. 2000), to support his argument that the 180-day waiting period is not jurisdictional, but Brown's reliance on Boos is misplaced. The Second Circuit reasoned that administrative exhaustion is not jurisdictional, id. at 181-82, but our precedents say otherwise, see, e.g., Crawford, 186 F.3d at 1326. The Boos court also declined to decide whether the federal employee who had filed her complaint prematurely had exhausted her administrative remedies. Boos, 201 F.3d at 183-84.

Snow's arguments about decisions of the Tenth and Fifth Circuits are also unpersuasive. In Knopp v. Magaw, 9 F.3d 1478, 1479 (10th Cir. 1993), the Tenth

9

Circuit, on the one hand, held that the 180-day waiting period must be exhausted as a jurisdictional prerequisite to suit, but the Tenth Circuit did not explain whether the investigation of the complaint by the EEOC had been impeded. The Fifth Circuit, in Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990), on the other hand, upheld a dismissal for failure to exhaust administrative remedies even though "the EEOC issued its decision before [the employee's] claim was dismissed by the district court." In contrast with Knopp and Tolbert, our precedents, in Johnson, Wade, and Crawford, require that we discern from the record whether the complainant participated in the administrative process in good faith.

The record does not establish that Brown's premature filing of his complaint evidenced a refusal to cooperate in good faith with the EEOC. Although Brown filed his complaint in the district court 35 days early, the EEOC was not notified by the IRS of Brown's filing until 183 days had elapsed from the date Brown appealed the decision of the IRS to the EEOC. Brown did not ask the EEOC to end its investigation, and there is no evidence that the EEOC terminated its investigation before the 180 days had elapsed.

The record even suggests that the IRS may have been responsible for Brown's delay. In response to the recommendation of the magistrate judge that Brown's complaint be dismissed based on a failure to exhaust his administrative

10

remedies, Brown alleged, in a <u>pro se</u> filing, that he had been misled by officials of the IRS about the deadline for filing his complaint in the district court. The IRS did not refute or otherwise respond to this assertion, but the district court referenced Brown's assertion when it denied the motion of the IRS to dismiss Brown's complaint.

We have explained, "If the employee is hampered by the action of the agency . . . , he or she should not be deemed thereby to have failed to comply with exhaustion requirements." <u>Wade</u>, 796 F.2d at 1377. Brown's unrefuted assertion that he had been misled by officials of the IRS further supports the decision of the district court. The IRS failed to establish that Brown refused to cooperate in good faith with the EEOC.

From all that appears in the record, the EEOC "was given every opportunity to investigate and resolve the dispute . . . ." <u>Id.</u> at 1378. Brown cooperated in good faith with the EEOC, and his early filing did not prevent the EEOC from investigating his complaint for the full 180 days. The district court correctly refused to dismiss Brown's complaint for failure to exhaust his administrative remedies.

2. The Record Does Not Establish Brown's Failure to Cooperate with Agency Counseling.

Snow also erroneously argues that Brown failed to exhaust his

11

administrative remedies because he did not contact a counselor at the Equal Employment Office of the IRS within 45 days of the alleged harassment. A federal regulation requires a complainant to "initiate contact within 45 days of the date of the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1), but that regulation also provides an exception for complainants who acted in good faith, id. § 1614.105(a)(2). Snow bore the burden of establishing Brown's failure to comply with this regulation, and Snow failed to satisfy his burden.

The district court rejected Snow's argument because Snow failed to supply several of Brown's records regarding his complaint of discrimination. Snow failed to present any documentation regarding Brown's informal EEO counseling session on September 10, 2002, or the attachment to Brown's formal complaint. Snow even failed to produce the formal ruling of the EEO. Without this information, the district court could not decide whether Brown had failed to exhaust his administrative remedies.

We are in the same predicament as the district court. There is insufficient evidence that Brown failed to exhaust his administrative remedies. We cannot conclude that the district court erred in exercising jurisdiction.

### B. The District Court Correctly Entered Summary Judgment Against Brown.

Because we conclude that the district court properly exercised subject matter

jurisdiction, we address Brown's complaint of discrimination and retaliation on the merits. Brown argues that the district court erred when it granted summary judgment against his claims of discrimination and retaliation because the district court concluded that Brown did not suffer an adverse or tangible employment action. Brown also argues that the district court erred in concluding that his claim of retaliation by termination was not before the court. We address each argument in turn.

### 1. Brown Failed to Establish That He Suffered an Adverse Employment Action.

To establish a prima facie case of sexual harassment, Brown must make four showings: "(1) [he] belongs to a protected group; (2) [he] was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; and (4) [his] reaction to the unwelcome behavior affected tangible aspects of his compensation, or terms, conditions or privileges of employment." Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1361 (11th Cir. 1994). Because Snow does not contest that Brown satisfied each of the first three requirements, we consider only the fourth. To satisfy the fourth requirement, Brown must show that he suffered a tangible employment action, which is a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in

13

benefits." Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 512 (11th Cir. 2001) (quoting Burlington Indus. V. Ellerth, 524 U.S. 742, 761, 118 S. Ct. 2257, 2268 (1998)).

Brown argues that the IRS failed to promote him because of his downgraded performance evaluation. A lower score on Brown's performance evaluation, by itself, is not actionable under Title VII unless Brown can establish that the lower score led to a more tangible form of adverse action, such as ineligibility for promotional opportunities. Davis v. Town of Lake Park, 245 F.3d 1232, 1241 (11th Cir. 2001). We agree with the district court that Brown failed to establish any connection between the lower score on the performance evaluation and his lack of promotion.

Brown argues that he was denied several promotions for which he had applied, but Brown failed to produce any evidence that the denials of the promotions were based on discrimination or the lower score. The downgraded evaluation still described Brown's performance as fully successful. When questioned, in his deposition, whether he ever was informed by the IRS that the reason he did not receive the promotion was because his evaluation rated him at a 3.33 rather than a 3.67, Brown speculated that it was his "understanding that it's common knowledge" that the requirements for promotion relied on the

14

performance evaluations. Brown did not provide any evidence either that he was qualified for the promotions or that his lowered evaluation score was the reason he did not receive the promotions.

Although we must draw all reasonable inferences from the evidence in favor of Brown, it is unreasonable to infer from Brown's speculative testimony alone that he was denied promotion on the basis of his lowered evaluation score. Brown failed to establish that he suffered a tangible employment action. The district court correctly entered summary judgment against his claim of sex discrimination.

### 2. Brown's Retaliation Claims Fail.

Brown alleges that the IRS retaliated against him for his complaints of sexual harassment in two ways: (1) the IRS lowered the scored on Brown's performance evaluation, which allegedly led to the denial of Brown's requests for promotions; and (2) the IRS fired Brown. To establish a prima facie case of retaliation, Brown had to present evidence "that (1) [he] engaged in statutorily protected expression; (2) [he] suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1454 (11th Cir. 1998). Under our case law, the definitions of tangible employment actions and adverse employment actions are essentially the same. See Johnson, 234 F.3d at 512. An inability to establish one

15

is an inability to establish the other.

As we explained in reference to his claim of discrimination, Brown failed to produce any evidence that the lower score on his evaluation led to the denial of any promotions. Brown's failure to present evidence of a tangible employment action regarding his claim of discrimination is also a failure to establish an adverse employment action regarding his claim of retaliation. Because Brown did not suffer an adverse employment action when the score on his performance evaluation was lowered, the district court correctly concluded that Brown's first allegation of retaliation failed.

Brown's second claim of retaliation by termination was not properly before the district court. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Brown's complaint did not allege that Brown was terminated in retaliation for his sexual harassment charges filed with the EEOC. Although Brown had not been fired when he filed his complaint, Brown never amended his complaint to include a claim of retaliation based on his termination. Brown argues that he discussed his claim of retaliation based on his termination extensively in his deposition testimony, but the discussion of a potential claim in a deposition does not satisfy the requirement of Rule 8(a). Coon v. Ga. Pac. Corp., 829 F.2d 1563,

1568 (11th Cir. 1987). The district court correctly refused to address this allegation of retaliation.

## IV. CONCLUSION

The grant of summary judgment by the district court in favor of Snow is **AFFIRMED.**