[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 29, 2007
THOMAS K. KAHN
CLERK

No. 05-16157
Non-Argument Calendar

_____

D. C. Docket No. 04-00394-CV-JOF-1

1:04-cv-00394-JOF

STEVEN IVEY,

Plaintiff-Appellant,

versus

HENRY M. PAULSON, JR.,
Secretary, US Department of the Treasury,

Defendant-Appellee.

--------------------------------------------------------------------------------------------------

1:04-cv-00395-JOF

STEVEN IVEY,

Plaintiff-Appellant,

versus

HENRY M. PAULSON, JR.,
Secretary, US Department of the Treasury,

Defendant-Appellee.

--------------------------------------------------------------------------------------------------

1:04-cv-00396-JFP

STEVEN IVEY,

                                                                        Plaintiff-Appellant,

                                            versus

HENRY M. PAULSON, JR.,
Secretary, US Department of the Treasury,

                                                                        Defendant-Appellee.


                                    _____

                        Appeal from the United States District Court
                            for the Northern District of Georgia
                                    _____

                                        **(January 29, 2007)**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

        These consolidated appeals challenge the district court's grant of summary

judgment in three cases Steven Ivey brought against the Secretary of the U.S.

Department of the Treasury in his official capacity.[1]  All three cases arise out of

--------

[1] The district court consolidated the three cases.  Ivey challenges the ruling in this appeal. We reject his challenge as frivolous.  We also reject without discussion, because it lacks merit, Ivey's argument that the court abused its discretion in denying his motion to amend his complaints.

Ivey's previous employment as a seasonal data transcriber with the Internal Revenue Service (IRS) in its Chamblee, Georgia office between January 1999 and March 2001. In the first case, brought on January 13, 2004, Ivey claims (1) that he was harassed continuously by his supervisors and eventually terminated from his employment, all on the basis of his sex (male) and race (white), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), 2000e-16(a), or, alternatively, (2) that his employment was terminated in retaliation for his whistle-blowing activity, i.e., his complaints about such discriminatory harassment, in violation of the Whistleblower Protection Act, 5 U.S.C. § 2302 (WBA). In the second case, brought on January 30, 2004, Ivey claims that Secretary's action infringed his rights under the First and Fifth Amendments to the Constitution. In the third case, brought on February 9, 2004, Ivey claims once again that he was discriminated against because of his sex and race, in violation of Title VII.[2]

The Secretary denied Ivey's allegations and interposed several affirmative defenses. At the close of discovery, the Secretary moved for summary judgment.

---

[2] As the district court stated in its September 26, 2005 opinion and order granting summary judgment, Ivey was terminated because he "received extremely poor work evaluations in 2001." He thereafter "filed charges of discrimination through the IRS and Department of Treasury, as well as an appeal under the [WPA] through the Merit Systems Protection Board. On January 22, 2004, the Board found that [Ivey] was not entitled to any relief. [He] appealed to the United States Court of Appeals for the Federal Circuit which affirmed the Board's decision."

3

The motion was referred to a magistrate judge, who issued a report on June 13, 2005, recommending that the district court grant the motion. On September 26, 2006, the district court adopted the magistrate judge's report and recommendation, with some amplification, as the order of the court, and granted the Secretary's motion for summary judgment. Ivey now appeals that judgment.

We find no merit in his appeal, and therefore affirm. In doing so, we address the issues Ivey raises that are worthy of any comment.

Ivey contends that the magistrate judge abused his discretion when he denied his motion to compel discovery and to extend the discovery period. Ivey failed to object to the magistrate judge's ruling as required by Federal Rule of Civil Procedure 72(a). Under that rule, a party has ten days to file objections (with the district court) to a magistrate judge's ruling on nondispositive motions, such as the motion at issue. Maynard v. Bd. of Regents of the Div. of Univ. of Fla. Dep't of Educ, 342 F.3d 1281, 1286 (11th Cir. 2003). Failure timely to object constitutes a waiver of the right to appeal the order. Maynard, 342 F.3d at 1286. We realize that Ivey filed motions to stay the magistrate judge's order, but motions to stay are not objections. In sum, he has waived his right to appeal the discovery ruling.

Ivey contends that the district court erred in granting the Secretary summary judgment. He did not object to the part of the magistrate judge's report which

4

contains a recital of the salient facts. Thus, as in the case of the discovery order, Ivey waived his right to challenge such recital here. With this point in mind, we address Ivey's substantive claims – those the court summarily rejected. We begin with his Title VII claims.

Stated generally, under Title VII, all personnel decisions made concerning federal employees should be made free from discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). To establish a prima facie case of improper termination based on circumstantial evidence, a plaintiff must generally show that: (1) he was a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class or was treated less favorably than a similarly situated individual outside his protected class. Maynard, 342 F.3d at 1289.

"In determining whether the employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) (quotation omitted). "The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed." Id.

(quotation omitted). "[T]he quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions." Id.

Once a prima facie case is established, the employer has the burden to articulate a legitimate, non-discriminatory reason for the employment decision. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). After an employer articulates a legitimate, non-discriminatory reason, the plaintiff, to survive a motion for summary judgment, must show that the proffered reason was pretext for discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255-56, 101 S.Ct.1089, 1095, 67 L.Ed.2d 207 (1981).

A plaintiff may show pretext by either directly persuading the court that a discriminatory reason motivated the employer, or by indirectly showing that the employer's proffered explanation is unworthy of credence. Id. at 256, 101 S.Ct. at 1095. The relevant inquiry on the issue of pretext is whether the employer's proferred reason was a cover-up for a discriminatory action. Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002).

Here, Ivey's claim for racial and sexual discrimination falls because he failed to establish a prima facie case of discrimination. Assuming Ivey met the

first three prongs of a prima facie case, he did not show that, after he was terminated, a racial minority or a female replaced him, meaning he did not meet the fourth prong of a prima facie case. See Maynard, 342 F.3d at 1289. In addition, even if we were to assume that Ivey established a prima facie case, he failed to present any evidence indicating that the Secretary's legitimate nondiscriminatory reason for terminating his employment – poor performance – was pretextual. See Burdine, 450 U.S. at 255-56, 101 S.Ct.1095. Therefore, the district court did not err in granting summary judgment on his Title VII racial and sexual discrimination claims. We turn then to his claim of retaliatory discharge.

Ivey contends that the district court incorrectly construed his retaliation claim as a claim under the WPA. As discussed below, we hold that Ivey's claim fails under either the WPA or the retaliation provisions of Title VII.

The WPA provides protection to federal employees against agency reprisal for whistleblowing activities, such as disclosing illegal conduct, gross mismanagement, gross waste of funds, or acts presenting substantial dangers to health and safety. See 5 U.S.C. § 2302(b)(8). Under the WPA, a federal employee must first complain to the Office of Special Counsel ("OSC"), which is required to investigate the complaint. 5 U.S.C. § 1214. If the OSC finds a violation, it reports its findings to the Merit System Protection Board ("MSPB"); if it finds no

violation, the employee himself may bring an action before the MSPB. 5 U.S.C. §§ 1214(a)(3), 1221(a). MSPB decisions are appealable only to the U.S. Court of Appeals for the Federal Circuit, except for claims also alleging prohibited discrimination. 5 U.S.C. § 7703(b)(1) and (b)(2). Jurisdiction over "mixed cases," those also involving adverse employment action or discrimination, lies with the district court if the action appealed is a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of 30 days or less. 5 U.S.C. § 7512.

Under Title VII, it is unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he participated in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the participation in the protected activity and the adverse employment decision. Brown v. Snow, 440 F.3d 1259, 1266 (11th Cir. 2006). "To recover for retaliation, the plaintiff need not prove the underlying claim of discrimination . . . so long as [he] had a reasonable good faith belief that

8

the discrimination existed." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 586 (11th Cir. 2000) (quotation omitted). "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." Id. at 590 (quotation and alterations omitted). The McDonnell Douglas-Burdine burden-shifting analysis applies to retaliation claims. Johnson v. Booker T. Washington Broad. Serv. Inc., 234 F.3d 501, 511 n.10 (11th Cir. 2000).

To the extent Ivey's claim was an appeal of the MSPB's decision under the WPA, the district court properly granted summary judgment on the claim for lack of subject matter jurisdiction. The MSPB had not issued an appealable decision at the time Ivey filed his lawsuits, and there is no evidence that Ivey's case was "mixed." See 5 U.S.C. §§ 7703(b)(1) and (b)(2), 7512. Therefore, the district court lacked jurisdiction to hear the case. See 5 U.S.C. § 7703(b)(1) and (b)(2).

To the extent Ivey's claim did not fall under the WPA but fell instead under a Title VII retaliation provision, his claim fails. Ivey has not established a prima facie case of retaliation. He did participate in protected activity when he filed a complaint about alleged discrimination and harassment. See 42 U.S.C. § 2000e-3(a). He also suffered an adverse employment action in that he was terminated. See Davis, 245 F.3d at 1239. However, Ivey did not show that his termination was

9

related to his participation in protected activity because he presented no evidence in opposition to the motion for summary judgment. In fact, the Secretary presented evidence that the supervisors responsible for terminating Ivey were not aware of his whistleblowing activities until after he was fired. Summary judgment on this claim was therefore appropriate. We now address Ivey's claim of sexual/racial harassment.

To prove a prima facie case of sexual or racial harassment, the plaintiff must show: "(1) he belongs to a protected group; (2) he was subject to unwelcome sexual [or racial] harassment; (3) the harassment complained of was based on sex [or race]; and (4) his reaction to the unwelcome behavior affected tangible aspects of his compensation, or terms, conditions or privileges of employment." Brown, 440 F.3d at 1265 (quotation and alterations omitted). "To satisfy the fourth requirement, [the plaintiff] must show that he suffered a tangible employment action, which is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." Id. (quotation omitted).

"Although Title VII's prohibition of sex discrimination clearly includes sexual harassment, Title VII is not a federal 'civility code.'" Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc). "Sexual harassment

10

constitutes sex discrimination only when the harassment alters the terms or conditions of employment." Id.

Ivey's harassment claim fails because Ivey did not establish a prima facie case. He failed to present evidence showing that any harassment he allegedly experienced was related to his race or sex. In short, he did not satisfy the third prong of a prima facie case of harassment. See Brown, 440 F.3d at 1265. In addition, he failed to establish the fourth prong of a prima facie case – that his reaction to the alleged incidents of harassment caused a change in his employment. Brown, 440 F.3d at 1265. We now address Ivey's First and Fifth Amendment claims, which the district court denied on the ground of sovereign immunity.

"The United States cannot be sued except as it consents to be sued." Powers v. United States, 996 F.2d 1121, 1124 (11th Cir. 1993). Its immunity from suit extends to its agencies. Asociacion de Empleados del Area Canalera v. Panama Canal Comm'n, 453 F.3d 1309, 1315 (11th Cir. 2006). To be effective, waivers of the government's sovereign immunity must be unequivocally expressed in statutory language and cannot be implied. Rhodes v. United States, 760 F.2d 1180, 1184 (11th Cir. 1985).

The Civil Service Reform Act (CSRA) is a comprehensive scheme for reviewing personnel actions taken against federal employees. United States v.

11

<u>Fausto</u>, 484 U.S. 439, 455, 108 S.Ct. 668, 677, 98 L.Ed.2d 830 (1988).

Constitutional claims by federal employees are ordinarily preempted by the Act

and must be addressed through the administrative procedures the CSRA

establishes.  See <u>Bush v. Lucas</u>, 462 U.S. 367, 388-90, 103 S.Ct. 2404, 2416-17, 76

L.Ed.2d 648 (1983); <u>Lee v. Hughes</u>, 145 F.3d 1272, 1276-77 (11th Cir.1998).

The Supreme Court has held that a federal employee cannot maintain a

<u>Bivens</u> action[3] against his supervisor for violations of his First Amendment rights,

because such a claim is governed by CSRA procedural and substantive

administrative provisions, which establish effective remedies for constitutional

violations by the government.  <u>Bush</u>, 462 U.S. at 368, 385-86, 388-90, 103 S.Ct. at

2406, 2415, 2417; <u>see also</u> <u>Wells v. Federal Aviation Admin.</u>, 755 F.2d 804,

809-10 (11th Cir. 1985) (applying same analysis in the context of a Fifth

Amendment due process challenge).  In <u>Bivens</u>, the Supreme Court held that a

plaintiff could bring a cause of action against federal officials in their individual

capacities for a violation of a federal constitutional right.

The district court adopted the magistrate judge's conclusion that Ivey could

not sue the Secretary under the First and Fifth Amendments because he failed to

---

[3] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

12

show that the government had waived its sovereign immunity to be sued. The court correctly granted summary judgment on these claims because the Constitution does not waive sovereign immunity in a suit for damages. <u>Garcia United States</u>, 666 F.2d 960, 966 (5th Cir., Unit B. 1982). Because Ivey did not bring these claims under a specific statute, there was no waiver of sovereign immunity, and the district court properly granted summary judgment.

In conclusion, we affirm the district court's grant of summary judgment. We dismiss the appeal to the extent that it challenges the court's denial of Ivey's motion to compel discovery and to extend the time for discovery.

SO ORDERED.