[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 11, 2007
THOMAS K. KAHN
CLERK

No. 07-10863
Non-Argument Calendar

_____

D. C. Docket No. 05-02221-CV-CCH-1

SHERECA ANDERSON,
SANDY NEVETT,
STEPHANIE RICHARDSON,

Plaintiffs-Appellants,

versus

UNITED PARCEL SERVICE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 11, 2007)

Before MARCUS, WILSON  and PRYOR, Circuit Judges.

PER CURIAM:

Appellants Shereca Anderson, Sandy Nevett, and Stephanie Richardson

appeal from a magistrate judge's entry of summary judgment in favor of their

employer, United Parcel Service, Inc. ("UPS"), in their action alleging race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 3(a), and 42 U.S.C. § 1981.[1]  On appeal, Appellants argue the magistrate judge erred by finding that they failed to establish a prima facie case of discrimination because low Quality Performance Review ("QPR") scores did not qualify as adverse employment actions.[2]  They also claim, for the first time on appeal, that by granting summary judgment, the magistrate judge violated their right to a jury trial, which they assert is guaranteed by the Seventh Amendment to the U.S. Constitution and by Title VII.  We affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion.  Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002).  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine

---

[1]The parties consented to the exercise of jurisdiction by a magistrate judge pursuant to 28 U.S.C. 636(c).

[2] In addition, Appellants suggest, without further elaboration, that the magistrate judge misapplied the framework for their Title VII claims, as stated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and "applied a standard other than that specifically and so meticulously laid out in [that case]."  They also cite, without any accompanying legal argument or factual comparison to the instant case, our unpublished decision in Horne v Turner Constr. Co., 136 Fed. Appx. 289 (11th Cir. June 21, 2005), for the proposition that an admission by a party opponent is admissible as an exception to the hearsay rule.  Appellants have not sufficiently briefed these issues, and thus they are deemed abandoned.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). A "mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1162 (11th Cir. 2006).

Title VII makes it unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2(a). Because Appellants rely on circumstantial evidence to establish their claims, we test the sufficiency of those claims by applying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

Under the McDonnell Douglas framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. In a disparate-treatment case like this one, to satisfy her prima facie burden, a plaintiff

3

must show: (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class. See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dept. of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1289 (11th Cir. 2003); Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam).[3]

The plaintiff's successful assertion of a prima facie case "creates a rebuttable presumption that the employer unlawfully discriminated against her." E.E.O.C. v. Joe's Stone Crab, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002) (citing U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 (1983)). If the plaintiff successfully demonstrates a prima facie case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. See Joe's Stone Crab, 296 F.3d at 1272. "Should the employer meet its burden of production, the presumption of discrimination is rebutted, and the inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful

_____

[3] Section 1981 guarantees all individuals "equal benefit of all laws" regardless of race, and specifically, it protects individuals against employment discrimination based on race. 42 U.S.C. § 1981(a); see also Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 459 (1975). When a litigant asserts claims under both Title VII and §1981, the statutes "have the same requirements of proof and use the same analytical framework." Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

4

discrimination." Id. at 1272-73 (quoting Burdine, 450 U.S. at 255-56). "Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." Id. at 1273.

The district court found that Appellants did not satisfy their initial burden to establish a prima facie case of discrimination. Again, to do so, a plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class. See Maynard, 342 F.3d at 1289. The instant appeal concerns only the third element of the prima facie case.

We have held that "to prove adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a serious and material change in the terms, conditions, or privileges of employment. Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis added). In Davis, the appellant asserted that two negative job performance memoranda  placed in his file

5

and two changes in his work assignments qualified as adverse employment actions in connection with a discrimination claim. Id. We rejected that argument because Davis did not suffer any connected tangible injury, such as a loss in benefits, ineligibility for promotional opportunities, or more formal discipline. Id. at 1241; see also Brown v. Snow, 440 F.3d 1259, 1265-66 (11th Cir. 2006) (holding that "[a] lower score on [an employee's] performance evaluation, by itself, is not actionable under Title VII unless [the employee] can establish that the lower score led to a more tangible form of adverse action, such as ineligibility for promotional opportunities"; concluding plaintiff failed to assert adverse employment action, where he failed to establish a connection between the lower score and his lack of promotion); Gillis v. Georgia Dept. of Corrections, 400 F.3d 883, 888 (11th Cir. 2005) (holding that "an evaluation that directly disentitles an employee to a raise of any significance is an adverse employment action under Title VII" (emphasis added)).

Here, the magistrate judge found that although the Appellants' QPR scores were low, there was no evidence that the poor performance evaluations by themselves qualified as adverse employment actions, or that the evaluations were, in any direct way, connected to a denial of lateral transfers, promotions or pay raises. Although Appellants presented evidence that QPR scores were considered

6

in determining an employee's eligibility for lateral transfers, promotions, and pay raises, Appellants conceded that the scores were only "a contributing factor" in a multi-step process for such benefits.[4]  On this record, the magistrate judge's finding that the QPR scores, "at most, bore some influence on the various decisionsmakers," but did not directly result in the challenged employment decisions, was supported by the evidence. Accordingly, the magistrate judge did not err by concluding that Appellants failed to demonstrate an adverse employment action, for purposes of establishing their prima facie case.

We likewise are unpersuaded by Appellants' claims that the magistrate judge's decision improperly denied them their right to a jury trial, in violation of the Seventh Amendment, an issue we review de novo.  See Pleasant-El v. Oil Recovery Co., 148 F.3d 1300, 1301 (11th Cir. 1998) (reviewing question of constitutional law de novo).  "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." U.S. Const. amend. VII.  The Civil Rights Act of 1991 amended Title VII, in relevant part, by creating a right to trial by jury.  See 42 U.S.C. §§ 1981a(a)(1) &

---

[4] For example, eligibility for a lateral transfer or promotion was based on two separate and unrelated processes -- the "opt-in" process and the process of entering the eligibility pool -- each of which involved multiple steps, while compensation decisions were based on, at least, nine factors, including job performance.

(c); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17; Goodgame v. American Cast Iron Pipe Co., 75 F.3d 1516, 1518 (11th Cir. 1996).

When "material facts concerning a claim cannot reasonably be disputed" a district court may grant summary judgment. See Garvie v. City of Ft. Walton Beach, Fla., 366 F.3d 1186, 1190 (11th Cir. 2004) (citing Fed. R. Civ. P. 56(c)). "Even though [Rule 56(c)] technically prevents the parties from having a jury rule upon those facts, there is no need to go forward with a jury trial when the pertinent facts are obvious and indisputable from the record; the only remaining truly debatable matters are legal questions that a court is competent to address." Id. Because we have concluded the magistrate judge correctly awarded UPS summary judgment on the Appellants' claims, because there were no issues of material fact on the "adverse employment action" element of their prima facie case, we discern no Seventh Amendment violation. We also find no violation of Title VII's jury trial provision.

**AFFIRMED.**