[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11945
Non-Argument Calendar

_____

D. C. Docket No. 05-00439-CV-CAR-5

KENNETH SMITHERS,

Plaintiff-Appellant,

versus

MICHAEL W. WYNNE,
Acting Secretary, Department of the Air Force,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 4, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Kenneth Smithers appeals from the district court's grant of

summary judgment in favor of the Air Force in his employment discrimination, retaliation, and hostile work environment suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16. Smithers argues that his claims for non-promotion due to age and gender discrimination and retaliation were properly exhausted and eligible for the continuing violation doctrine because each paycheck he received after not getting promoted was a new violation. Smithers also argues that when looking at the totality of the circumstances, i.e., all of the alleged incidents of discrimination, retaliation, and harassment, they constitute conduct that was severe or pervasive enough to support a hostile work environment claim or, in the alternative, that hostile work environment claims are improper for summary judgment.[1]

## I.

We review a district court's grant of summary judgment *de novo*. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a

---

[1] Smithers also claimed that the district court erred when it granted summary judgment without requiring the Air Force to file an answer. Because Smithers did not raise this issue with the district court, the issue is waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, (1986). There is no genuine issue of material fact when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

## A.    Exhaustion

Title VII prohibits discrimination in employment based upon race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). The ADEA prohibits discrimination in employment based upon age. 29 U.S.C. § 623(a)(1). Title VII also makes it illegal for "an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The ADEA contains a similar anti-retaliation provision. 29 U.S.C. § 623(d).[2]

Nevertheless, under Title VII and the ADEA, federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory

---

[2] We assume without deciding that Smithers, who is a federal employee, was also able to bring a retaliation claim against the Air Force under the ADEA.

3

act.  *See* 29 U.S.C. § 633a(b); 42 U.S.C. § 2000e-16(b); 29 C.F.R. § 1614.105(a)(1).  Generally, claims that allege conduct that occurred before the 45-day charging period are time-barred for failure to exhaust administrative remedies.  *See Brown v. Snow*, 440 F.3d 1259, 1264-65 (11th Cir. 2006).

"[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072, (2002).  Failure to promote is a discrete act of discrimination.  *Id.* at 114, 122 S. Ct. at 2073.

The clock for the charging period starts when the discrete unlawful practice takes place. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. ___, ___, 127 S. Ct. 2162, 2169 (2007).  "A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination."  *Id.*  A new Title VII violation does not occur and a new charging period is not triggered at the issuance of each pay check when the employer uses a pay system that is "facially nondiscriminatory and neutrally applied."  *Id.* at __, 127 S. Ct. at 2174 (internal quote omitted).

In *Ledbetter*, the claimant alleged that she did not receive pay raises for discriminatory reasons.  *Id.* at __, 127 S. Ct. at 2165-66.  The decisions not to grant

4

the pay raises occurred more than 180[3] days before she filed with the Equal Employment Opportunity Commission. *Id.* The claimant argued that since her paychecks would have been higher inside the charging period but for her employer's discrimination, each paycheck was a new Title VII violation. *Id.* at __, 127 S. Ct. at 2167. The Supreme Court pointed out that the decision not to grant the pay raise was a discrete act that triggered a charging period, and that the claimant did not file her claim inside of that charging period. *Id.* at __, 127 S. Ct. at 2169. The Supreme Court held that the paychecks the claimant received in the period before she filed her claim were not a continuing violation because they were part of a pay system that was "facially nondiscriminatory and neutrally applied." *Id.* at __, 127 S. Ct. at 2174.

In this case, we conclude as a matter of law, that Smithers's claims of being passed over for promotion are allegations of discrete acts. *Morgan*, 536 U.S. at 114, 122 S. Ct. at 2073. Because Smithers failed to timely notify the Robins AFB Equal Employment Office of his claims, in order for the non-promotion claims to be actionable, Smithers must show a continuing violation. *See Morgan*, 536 U.S. at 115, 122 S. Ct. at 2073; 29 C.F.R. § 1614.105(a)(1).

Smithers' non-promotion claims are similar to the disparate pay claim made

---

[3] The relevant charging period for her claim was 180 days. *Ledbetter*, 550 U.S. at __, 127 S. Ct. at 2165-66.

in *Ledbetter*, because he asserted that his pay would be higher but for the past discrete instances of discrimination. *Ledbetter*, 550 U.S. at ___, 127 S. Ct. at 2167. Thus, we conclude that Smithers's paychecks are not continuing violations of the alleged past acts of discrimination and retaliation. *Id.* at ___, 127 S. Ct. at 2174. Accordingly, we affirm the district court's ruling that the failure to promote were not properly exhausted and are time-barred.

**B.     Hostile Work Environment**

Summary judgment may be appropriate in hostile work environment cases. *See*, *e.g.*, *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1232 (11th Cir. 2006).

Under Title VII, a hostile work environment claim is established upon proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993)). A plaintiff establishes a hostile work environment claim by showing that (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based upon on a protected characteristic of the employee; (4) the harassment was

sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. *Id.*

When evaluating the severity of the harassment, we use both an objective and a subjective test. *Id.* at 1276. Thus, "th[e] behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive." *Id.* (internal quote omitted). When evaluating the objective severity of the conduct, we consider factors such as (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id.* Conduct is objectively severe when the workplace is permeated with intimidation, ridicule and insult. *Id.* at 1276-77.

Smithers admitted in his deposition that he had no evidence to prove that the harassment was based upon a protected characteristic or reprisal, or that the harassment happened for all of his claims, except for his claim that one of his supervisors was making negative comments about him. Thus, we conclude that the district court did not err by only considering the negative comments when it

evaluated the hostile work environment claim because the evidence did not support the claims. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2532.

Smithers was unable to state what the exact comments were; he only stated that he heard that his supervisor was making derogatory comments while not in his presence. Thus, any hostility would come from Smithers knowing that others were gossiping about him. The gossip in this case is not like the severe conduct that occurred in *Miller*, where the plaintiff was subjected to racial slurs on a consistent basis and had co-workers yelling at him. *Miller*, 277 F.3d at 1277. We conclude that in this case, no reasonable person would find the undescribed office gossip, made in Smithers's absence, which he did not know about at the time, to be severe enough without more to constitute a hostile work environment. Since the comments were not objectively severe, we conclude that the district court did not err when it granted summary judgment for the Air Force on the hostile work environment claim. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**