OPINION
BARRY, Circuit Judge.
Appellant Angela Sykes appeals the January 17, 2007 order of the Magistrate Judge granting summary judgment in favor of appellees Pennsylvania State Police (“PSP”), Jerry Boulding, and Robert Vaughan.[1] She does not appeal the grant of summary judgment in favor of Roger Waters. We have jurisdiction under 28 U.S.C. § 1291, and will affirm.
I.
Sykes has been employed by PSP as a police communications officer (“PCO”) at the Washington, Pennsylvania station since 1997. She is the only black female employee at the station and the only black PCO. Vaughan, who is white, was Sykes’ direct supervisor from the time she began working at the Washington station and *528 conducted all of Sykes’ reviews except in 2003, when he was on active military duty. Boulding, who is black, has worked at the Washington station since January 2003 and was Vaughan’s immediate supervisor.
In March 2001, Sykes filed an internal complaint alleging that Vaughan and Sergeant Lapia, the staff section supervisor, had created a racially hostile work environment, and thereafter filed complaints with the Pennsylvania Human Relations Commission (“PHRC”) and the Equal Employment Opportunity Commission (“EEOC”). She subsequently withdrew the internal complaint as well as the PHRC and EEOC complaints.
On August 2, 2004, November 16, 2004, and November 17, 2004, Sykes filed charges with the Bureau of Integrity and Professional Affairs seeking disciplinary action against Boulding, and on November 23, 2004, filed a complaint with the EEOC alleging race discrimination, a racially hostile work environment, and retaliation. After Boulding was cleared of the internal charges and Sykes received a right to sue letter, she brought this action in the Court of Common Pleas asserting claims under Title VII and the Pennsylvania Human Relations Act (“PHRA”) for race discrimination, hostile work environment, and retaliation against PSP, and for race discrimination under 42 U.S.C. §§ 1981 and 1983 against Boulding, Vaughan, and Waters. The action was subsequently removed to federal court.
Our review of an order granting summary judgment is plenary. Reese Bros., Inc. v. United States, 447 F.3d 229, 232 (3d Cir.2006). We will affirm the order “if, when viewing the evidence in the light most favorable to the non-moving party, there is ‘no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.’ ” Id. (quoting Fed.R.Civ.P. 56(c)).
II.
Sykes raises two issues before us: (1) the Magistrate Judge ignored or discredited her evidence; and (2) the Magistrate Judge erred in applying Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006), which held, as relevant here, that the anti-retaliation provision of Title VII covers only those employer actions that would have been materially adverse to a reasonable employee, which means in the context of this case that “the employer’s actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.” 126 S.Ct. at 2415. App. Br. at 1. We reject both issues.
There is no dispute that, for whatever reason, there was friction and tension in Sykes’ workplace. There is also no dispute that, again for whatever reason, Sykes complained of numerous slights or wrongs, real or perceived, which, rightly or wrongly, caused or fueled the friction and tension. Whatever the reason in fact may have been, our review of the record convinces us that the evidence, even taken in the light most favorable to Sykes, does not demonstrate that the reason was either discrimination or retaliation.
In reaching the same conclusion, the Magistrate Judge did not ignore or discredit Sykes’ evidence; rather, he did a thorough review of the proffered evidence on which Sykes particularly relied, and concluded that she had failed to raise any inference of discrimination as to her substantive discrimination and hostile work environment claims. Indeed, although the Magistrate Judge recognized, as do we, that the general atmosphere in which Sykes worked was less than “utopian,” he found the record “devoid of evidence” that any differences in treatment were motivat *529 ed by racial bias. A.14. He, therefore, determined that Sykes had not set forth a prima facie case as to her §§ 1981 and 1983 claims or her Title VII hostile work environment claim. We agree.
As for Sykes’ retaliation claim, the Magistrate Judge found that she had not shown that any of the alleged retaliatory conduct was the result of her administrative filings in 2001 — the purported “protected activity.”[2] With specific reference to Burlington, he concluded that none of the alleged conduct deterred Sykes from her “vigorous and repeated use of all available means to supplement, expand, and pursue allegations of discrimination” — to Human Resources, to her union representatives who filed grievances on her behalf, to the Bureau of Integrity and Professional Affairs, and to the EEOC. A.19. The Magistrate Judge, properly applying Burlington, did not err in so concluding.
III.
We will affirm the January 17, 2007, 2007 WL 141064, order of the Magistrate Judge.

. The parties refer only to what the District Court did and did not do, apparently forgetting that they consented to jurisdiction by the Magistrate Judge. See A8-9, 24.

. Sykes points most particularly to certain lower scores on her performance evaluations as evidence of retaliatory conduct. The lower scores, however, are not by themselves actionable under Title VII absent a showing, not made here, that they resulted in "a more tangible form of adverse action, such as ineligibility for promotional opportunities.” Brown v. Snow, 440 F.3d 1259, 1265 (11th Cir.2006). And, we note, there is no evidence that Sykes' claimed failure to secure employment with other state agencies was the result of the evaluations or that she was otherwise qualified for those positions.