NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONNA D. PARRISH,**

*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**

*Respondent*

---

2025-1326

---

Petition for review of the Merit Systems Protection Board in No. AT-0432-22-0653-B-1.

---

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

The Department of Health and Human Services ("HHS") moves to dismiss Donna D. Parrish's petition for review for lack of jurisdiction, citing her pending petition for review with the Merit Systems Protection Board and her claims of discrimination raised during the proceedings. Ms. Parrish responds in opposition and moves for a stay. We transfer the case.

In September 2022, Ms. Parrish appealed her removal and denial of her within-grade-increase to the Board, alleging that a basis for the agency's action was discrimination based on race, sex, and disability. After the administrative judge denied relief, Ms. Parrish filed a petition for review with this court and separately with the Board, which remains pending. In her filings here, Ms. Parrish indicates that she continues to seek review of her discrimination claims. *See* ECF No. 8.

Federal district courts, not this court, have jurisdiction over "mixed cases"—*i.e.*, "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, § 7702(a). *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). Here, Ms. Parrish raised claims of covered discrimination during the underlying proceedings, and she continues to seek review of those claims. Thus, we lack jurisdiction.[1]

Where this court lacks jurisdiction, we shall, if it is in the interest of justice, transfer the case to an appropriate court. 28 U.S.C. § 1631. HHS argues against transfer because there has been no final Board decision, but 5 U.S.C. § 7702(e)(1)(B) permits Ms. Parrish to bring her mixed case in district court at this time because "there [has been] no judicially reviewable action" after "the 120th day following the filing of [her] appeal with the Board under

---

[1]    Ms. Parrish's pending petition for review before the Board would also render her petition to this court premature. *See* 5 C.F.R. § 1201.113(a); *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361–63 (Fed. Cir. 2009).

[§ 7702](a)(1)."[2]   *See Butler v. West*, 164 F.3d 634 (D.C. Cir. 1999).   Under the circumstances of this case, we conclude transfer to the United States District Court for the Northern District of Georgia, where the employment action appears to have occurred, is appropriate.

Accordingly,

IT IS ORDERED THAT:

This matter and all case filings are transferred to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1631.

FOR THE COURT

February 28, 2025
    Date

Jarrett B. Perlow
Clerk of Court

---

[2]   HHS argues *Ivey v. Paulson*, 222 F. App'x 815, 819 (11th Cir. 2007), held that "a district court lacked jurisdiction where '[t]he MSPB had not issued an appealable decision,'" ECF No. 6 at 10 (quoting *id.*), but HHS omits the rest of the quote—"and there is no evidence that [plaintiff's] case was 'mixed,'" *Ivey*, 222 F. App'x at 819.   Unlike in *Ivey*, Ms. Parrish has brought a mixed case (as HHS contends).