[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-13380
Non-Argument Calendar

_____

D. C. Docket No. 94-06003-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN C. GEORGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 11, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

John C. George, Jr., a federal prisoner proceeding pro se, appeals the district

court's denial of his motion to recall the court's amended criminal judgment under Fed.R.Civ.P. 60(b). We affirm.

In 1994, George and numerous others were convicted of conspiracy to possess with intent to distribute crack and possession with intent to distribute crack, in violation of 21 U.S.C. §§ 846 and 841, and engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848. In 1996, the court sentenced George to concurrent terms of life imprisonment.

George directly appealed the convictions to this court, arguing, inter alia, that the convictions for CCE and conspiracy violated the Double Jeopardy Clause. The court held that the district court committed reversible error in convicting George of both a CCE and conspiracy, vacated the conspiracy conviction, and remanded for the entry of an amended judgment reflecting the merger of the conspiracy conviction into the CCE conviction and for any necessary further proceedings.

On remand, the district court scheduled a resentencing hearing, which it later cancelled without objection. In 1998, the court entered an order amending its prior judgment to reflect the merger of the conspiracy and CCE counts, but did not alter any other part of the prior judgment or the sentences.

George did not directly appeal the amended judgment. Instead, George filed

a motion to vacate under 28 U.S.C. § 2255, which the district court denied on the merits in 2000. Thereafter, George filed several motions challenging his life sentences. The district court denied these motions, and George did not appeal.

In 2004, George filed the present pro se motion to "recall" the amended criminal judgment, citing Fed.R.Civ.P. 60(b) in support of his request. George argued that the district court erred in failing to vacate his conspiracy conviction and in cancelling his resentencing hearing. The district court summarily denied the motion. George now appeals.

We review issues of subject matter jurisdiction de novo. Brown v. Snow, 440 F.3d 1259, 1262 (11th Cir. 2006).

George is not entitled to relief under any construction of his Rule 60(b) motion.[1] First, George's motion cannot be construed as a direct appeal of the amended judgment of his convictions and sentences, as it was not filed within 10 days from the entry of judgment. Fed.R.App.P. 4(b).

Second, to the extent that George was attempting to challenge his underlying criminal judgment in a collateral manner, the district court had no jurisdiction to consider a second or successive § 2255 motion without leave from this court. See

---

[1] We liberally construe pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

3

28 U.S.C. § 2255.[2]

Finally, George relies on Fed.R.Civ.P. 60(b) as the basis for his motion. The Federal Rules of Civil Procedure, however, "govern the procedure in the United States district courts in all suits of a civil nature . . . ." Fed.R.Civ.P. 1. While Rule 60(b) provides for relief from a final judgment, see Fed.R.Civ.P. 60(b), it does not provide for relief from a judgment in a criminal case. United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (addressing a challenge to a criminal forfeiture). Therefore, the district court did not have subject-matter jurisdiction to grant George's Rule 60(b) motion.

Accordingly, we construe the district court's denial of the motion as a dismissal, Cani v. United States, 331 F.3d 1210, 1216 (11th Cir. 2003), and AFFIRM.

---

[2] Because George's Rule 60(b) motion is not seeking reconsideration of the order denying habeas corpus relief on a non-merits ground, the Supreme Court's decision in Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), is not implicated here.